STATE OF MISSOURI, Respondent, *vs.* HOMES, Appellant.

1. A party taking the property of another under a fair color of right or title, is not guilty of larceny.
2. It is not error for a court to refuse to give instructions which are mere commentaries on evidence.

*Appeal from St. Louis Criminal Court.*

The defendant was indicted for stealing hogs. The evidence for the state was, that defendant and another man (who was impleaded with him, but against whom a *nol pros.* was entered) were found hauling five hogs away on a wagon, two of which were claimed by one Frederick Price; the others were supposed to belong to the defendant. Price's hogs were marked, and had been running at large where defendant killed them.

On the part of the defence, it was shown that the defendant had formerly lived in that neighborhood, and when he moved away, left twenty or thirty hogs running at large there, which had been bought by him of different persons, had different

marks, and were of different sizes ; that defendant was advised to kill his hogs, as some other people were supposed to have altered his marks on some of them, and would kill them if he did not ; that defendant went with four other men and several dogs to the place where the hogs were, and there killed them openly between nine o'clock, A. M., and four o'clock, P. M., near a public road and an inhabited house, keeping up much noise in setting the dogs on the hogs and shooting them. The defendant also proved a good character for honesty.

The court refused the following instructions, asked by defendant :

1. If there be any fair claim of property or right to the hogs in the defendant, or if this fact be brought into doubt at all, the jury is bound to acquit.

2. The time, place and manner of killing and taking possession of the hogs, together with the fact that the defendant had hogs in that vicinity, are facts which the jury should consider in making up their verdict.

The jury found the defendant guilty, and he was sentenced to three years' imprisonment in the penitentiary. A motion for a new trial was overruled, and the case comes to this court by appeal.

*F. Spies*, for appellant. The first instruction asked by defendant and refused ought to have been given. It is applicable, and is in the very language of the books, as to the law governing such cases. Roscoe's Crim. Ev. 591. The second instruction also should have been given. It properly directed the attention of the jury to the facts that should influence their verdict. Roscoe's Crim. E. 590. 2 Stark. Ev. 443. Wharton's Am. Crim. Law, 394, 397. The instructions given were illiberal, and did not supply the place of those asked by the defendant. All the circumstances given in evidence show that the defendant might well have acted under the honest but mistaken belief that he was taking his own property, and the jury should have been told that this was not *larceny*.

*J. R. Lackland*, for the state. The first instruction asked

by defendant is erroneous. It is not the mere *claim* of property that prevents the taking from being larceny, but there must be title, or at least color of title to support the claim. The witnesses for the defendant say that he once had hogs in that vicinity, but none pretend to say that the hogs which he killed belonged to him. The second instruction asked by defendant is a mere commentary on the facts, and not a declaration of the law arising on them ; and it assumes facts to be true, the truth of which is to be settled by the jury.

RYLAND, Judge, delivered the opinion of the court.

The attention of this court will be called to the instructions only, which the Criminal Court gave and refused to give on the trial in this case.

The instructions refused appear in the above statement : those given are as follows : " If the jury believe from the evidence, that the defendant, in St. Louis county, and within three years next preceding the finding of this indictment, did steal, take and carry away any of the hogs charged as the property of Frederick Price, of any value whatever, and that he did so steal for the purpose of converting the same to his own use, they will find the defendant guilty of grand larceny." The other instructions given have reference to the doctrine of possession of stolen property—of the punishment for grand larceny, and of doubt, &c.

1. From the facts preserved on the record of this case, it is the opinion of this court, that the Criminal Court should have given the first instruction prayed by defendant, as set forth in the statement above. The instructions given by the court do not put the doctrine contended for by the defendant in that instruction before the jury, and yet that is a well founded principle in criminal law. If the defendant takes the property in a fair color of claim or title, though he may be mistaken, yet there is wanting one essential ingredient to the felony, name-

25—VOL. XVII.

ly, the felonious intent with which the property was taken; without this intent it is no larceny.

2. The second instruction prayed for contains no law—it is merely asking the court to comment upon the facts in proof, or to direct the minds of the jurors to such facts. It is no error to fail to do this. In the instructions given to the jury, it would have been more in accordance with the law for the court to have defined the offence; to have told the jury what constituted larceny, instead of saying, if they believed that the defendant *did steal*, &c.

The court erred in not giving the first instruction prayed for by the defendant, and for this its judgment must be reversed. The other judges concurring, the judgment is reversed and *cause* remanded.