## THE STATE v. WALTER COLLINS, Appellant.

Division Two, February 18, 1922.

1. **LARCENY: Conversion of Lost Property: Trial Theory.** A defendant charged with grand larceny in stealing a cow cannot be convicted on evidence tending to show the fraudulent conversion of lost property; but where the information is drawn under the statute defining grand larceny and the instructions submit the case to the jury under the provisions of said statute, the case will be disposed of on appeal on the same theory.

2. ———: ———: **Stealing Stray Cow.** A stray cow is not lost property in the sense that the fraudulent conversion of lost property is made a crime by the statute (Sec. 3322, R. S. 1919); and where the cow belonged to Ward and for a time was held by Williams, who treated her as a stray, and defendant, claiming to be her owner, took her from Williams's possession and sold her to Sanders, he is not to be excused on the theory that his act was simply the fraudulent conversion of lost property, but if the evidence shows that he actually stole the cow a conviction under the statute defining the offense of grand larceny will be sustained, unless errors were committed in the progress of the trial. [Following State v. Martin, 28 Mo. 1. c. 537.]

3. ———: **Instruction: Ignoring Main Defense.** Where defendant, charged with grand larceny, claims he acquired possession of the stray cow he is charged with having stolen under an honest belief that she belonged to him and that he had no intention of stealing her, and supports that claim by substantial evidence, it is error to give an instruction for the State which ignores said defense.

4. ———: ———: **Flight: Assumption of Fact.** An instruction telling the jury that "flight of the defendant unexplained is a circumstance to be taken into consideration with all the other facts and circumstances in evidence" assumes, as a matter of law, that defendant had been guilty of flight, and is erroneous.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

REVERSED AND REMANDED.

*Sam J. Corbett* and *Shelley I. Stiles* for appellant.

(1)   The verdict of the jury is against the evidence and against the law under the evidence. is for the wrong party, and should have been for the defendant, finding him not guilty. The defendant is indicted for stealing a cow, grand larceny, under Sec. 4535, R. S. 1909, now Sec. 3312, R. S. 1919, All the evidence in the case shows that the cow was lost, and the defendant, if guilty of anything, was guilty of the fraudulent conversion of lost property under Section 3322. A party indicted under Section 3312 cannot be convicted under evidence making a case under Section 3322, that is to say, one indicted for grand larceny under Section 3312 cannot be convicted under evidence making a case for the fraudulent conversion of lost property under Section 3322. State v. Gabriel, 88 Mo. 631; State v. Arter, 65 Mo. 653; State v. Harmon, 106 Mo. 635. To constitute larceny under Section 3312 property taken by the thief must have been taken from the possession of the owner or his bailee. State v. Taylor, 136 Mo. 66. The elements of the offense of larceny as contemplated by this section remain the same as at common law, and both at common law and under the statute there must be a trespass. State v. Copeman, 186 Mo. 108. Taking lost property with intent to keep it, is larceny only where it is shown that the defendant knew who the owner of the property was at the time it was taken. State v. McCann, 19 Mo. 249. (2)   Instruction 1 is erroneous for the reason that it does not require the jury to find that the defendant took the cow from the possession of Chas. Ward, nor that he took it from the possession of any one, in other words, does not require the jury to find there was a trespass by defendant in the taking. The elements of the offense of larceny, as contemplated by the statute, remains the same as the common law, and both at common law and under the statute there must be a trespass. State v. Copeman, 186 Mo. 108. Said Instruction 1 is erroneous is that it does not require the jury to find the cow was taken by stealth, feloniously taken, but only requires them to find that she was wrongfully taken. State v. Rader, 262 Mo. 132;

State v. Baker, 264 Mo. 354. (3) Instruction 2, on the question of flight, is erroneous for the reason there was no evidence in the case upon which to predicate said instruction. Wann v. Scullin, 210 Mo. 429; Progress Brick Co. v. Gratiot Brick Co., 151 Mo. 501; Kingman v. Mach. Co., 150 Mo. 282; 38 Cyc. 1618. (4) It was error for the court to fail to instruct the jury upon the question of defendants honesty and good faith, and lack of criminal intent to steal the cow, as the court is required by statute in all felony cases, whether requested or not, to instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict. Sec. 4025, R. S. 1919; State v. Taylor, 118 Mo. 153; State v. Conway, 244 Mo. 271. In the case at bar the question of the intent, honesty and good faith of the defendant was the sole defense, and the instructions given wholly disregarded that defense. This would be error even in a civil case. The record shows that the defendant saved exceptions to the failure of the court to properly instruct the jury on all the law in the case necessary to aid the jury in arriving at a fair and impartial verdict, and again called the court's attention to such failure in the motion for new trial, This was all that was necessary in a felony case. State v. Cantlin, 118 Mo. 100; State v. Vaxton, 126 Mo. 500; State v. Barnett & Baker, 203 Mo. 640; State v. Pfeifer, 267 Mo. 23.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

(1) Appellant was properly charged and convicted of grand larceny under Sec. 3312, R. S. 1919. When an estray is taken up by one who has, at the time of the taking, the felonious intent to convert the same to his own use, it is larceny. The ownership draws along with it the possession under such circumstances. State v. Martin, 28 Mo. 536; State v. White, 126 Mo. 597; State v. Lackland, 136 Mo. 30; Stack v. State, 63 Ind. 285;

Com. v. Mason, 105 Mass. 163; State v. Bloomer, 231 S. W. 568. (2) The court did not commit error in the giving of Instruction 1. The words "did wrongfully take and carry away one cow with the intent to fraudulently convert the same to his own use and permanently deprive the owner thereof without his consent, and that the same was the property of Chas. Ward," as used in said instruction indicate the wrongful and fraudulent intent and are sufficient to show that the taking was without the owner's consent. State v. English, 228 S. W. 751; State v. Rader, 262 Mo. 134; State v. Burgess, 268 Mo. 415; State v. Massey, 274 Mo. 589; State v. Reagan, 217 S. W. 84. (3) Instruction 2 on the subject-matter of flight was properly given and is in approved form. State v. Smith, 114 Mo. 416; State v. Soper, 207 Mo. 515. (4) Appellant's assignment that the court erred in refusing and failing to instruct the jury on the question of defendant's honesty and good faith and lack of criminal intent to steal the cow in question, is without merit. This phase of the case was properly covered by Instruction 1.

RAILEY, C.—Defendant, Walter Collins, and one Lonnie Fewell were jointly charged in an information filed in the Circuit Court of Pemiscot County, Missouri, on November 3, 1920, with the crime of grand larceny, in that, on the — day of July, 1920, at Pemiscot County aforesaid, they feloniously stole, took and carried away a cow, the property of one Charlie Ward, of the value of fifty dollars. A severance was granted and, on November 16, 1920, a jury found defendant Collins guilty of grand larceny and assessed his punishment at imprisonment in the penitentiary for a term of two years, and judgment was rendered accordingly.

The evidence on behalf of the State tends to show, substantially, the following facts: That Charlie Ward, who lived near Steele in Pemiscot County, Missouri, in July, 1920, was the owner of a large short-horn Durham red cow, about six years old; that she disappeared, and was found on the premises of one Sanders, who lived near

Holland in said county; that Sanders bought said cow from defendant Collins; that Ward commenced an action against Sanders to recover possession of said cow, and Sanders turned her over to him; that after selling the cow to Sanders, the defendant left Missouri and went to the State of Arkansas, where he remained until his arrest; that said cow was held at one time by Williams, who treated her as a stray, and de-horned her to save his own cattle from injury; that defendant claimed to be the owner of said cow, while in possession of Williams, and urged him to turn over the possession of same to him (defendant); that he threatened to have Williams arrested, if he did not turn over the cow to him; and took her from William's possession; that said cow had horns about one foot in length when Williams de-horned her; that she was taken from the possession of Williams in June or July, 1920; that Ward purchased the cow from Tom Trimm, who, with his wife, identified her as the cow he had sold Charlie Ward; that she had some scars on her right side caused by hauling her on a sled; that this was the same cow Ward got from Sanders; that the value of said cow was $100.

The evidence on behalf of defendant tended to show he had been inquiring for a red heifer that had been gone about two years; that the cow in question is the same cow that Lonnie Fewell bought from defendant Collins; that W. H. Collins, the father of appellant, knew the cow in controversy, and felt pretty certain that he had raised her; that she strayed off about two years before the trial; that he gave this cow to the defendant; that at that time, the cow had nice straight horns, but was afterwards de-horned by Williams; that after Ward brought an action of replevin against Sanders to recover the cow, defendant's father advised the boys to pay up the cost, and let Ward have the cow; that defendant's folks gave Sanders back his money.

Appellant testified in his own behalf, that he knew the cow in question; that she was given to him by his father when she was two years old, past; that she stray-

ed away; that he looked for her and finally found her in possession of Mr. Williams; that her horns had been cut off; that it was the same cow his father had given him; that he got her from Williams, brought her back home, and contracted to sell her to Lonnie Fewell, after which he made arrangements to let Sanders have her; that he (defendant) owed Sanders $23.90, and Sanders wanted his money; that appellant had no other way of paying him; that he and Fewell made a trade, whereby appellant let Sanders have the cow, and paid Lonnie Fewell back $15; that at the time he took the cow from Williams, he believed her to be the same cow his father gave him; that defendant, on the advice of his father, W. H. Collins, gave Sanders his note for the amount Sanders had paid for the cow, signed by himself, Fewell and W. H. Collins, secured by a mortgage on a team of mares; that the above note had been paid at the time of trial; that after this settlement, defendant worked about one week in said county, and he and Fewell then went to Arkansas, about thirty miles from where they lived, to work; that Ward then swore out a warrant for them, and they were arrested on August 15, 1920. Defendant offered testimony tending to show that Ward, in describing his cow to witnesses, said she had one long horn and a "slipped" horn; that Williams, who de-horned said cow, said she did not have a "slipped" horn.

The instructions given and refused, as well as the rulings of the court, will be considered, as far as necessary, in the opinion.

Defendant, in due time, filed motions for a new trial and in arrest of judgment. Both motions were overruled, and he duly appealed from the judgment against him to this court.

I. The information herein charges defendant with grand larceny in stealing Ward's cow, in Pemiscot County, Missouri, in July, 1920,. and is based on Section 3312, Revised Statutes 1919, which reads as follows:

"Every person who shall be convicted of feloniously stealing, taking and carrying away any money, goods, rights in action, or other personal property, or valuable thing whatsoever of the value of thirty dollars or more, or any horse, mare, gelding, colt, filly, ass, mule, hog or neat cattle, belonging to another, shall be deemed guilty of grand larceny; and dogs shall for all the purposes of this chapter be considered personal property."

Appellant contends that a defendant charged with grand larceny under Section 3312, supra, cannot be convicted under evidence tending to show a case for the fraudulent conversion of *lost* property under Section 3322, Revised Statutes 1919, which reads as follows:

"Every person who shall convert to his own use, or make way with or secrete with intent to convert to his own use, any money, goods, right in action or other personal property or valuable thing whatsoever, of the value of thirty dollars or more, belonging to another, with intent to defraud the owner, which shall have been lost, and which such person shall not have obtained lawful title thereto, shall be deemed guilty of grand larceny, and shall, upon conviction thereof, be punished by imprisonment in the penitentiary not exceeding five years. If the goods or property so converted be of less than thirty dollars in value, the person so offending shall be deemed guilty of petit larceny."

For the purposes of the case, it may be conceded that appellant's construction of the law as above indicated is correct: [State v. Arter, 65 Mo. l. c. 655-6; State v. Gabriel, 88 Mo. l. c. 641-2; State v. Harmon, 106 Mo. l. c. 649-50.] It appears, however, in the briefs of both plaintiff and defendant that the information is based on Section 3312, Revised Statutes 1919, in which defendant is charged with the crime of grand larceny. It is clear from reading instruction one, given by the court, that the case was submitted to the jury under the provisions of Section 3312 aforesaid, and not under the law as declared in Section 3322 supra. The case must, therefore, be disposed of here on the same theory.

II.   It is insisted by appellant that the cow in controversy was *lost* when taken up by Williams as a stray in November, 1919; that when he took the cow from Williams in June or July, 1920, if he was guilty of any offense, it was simply one for the fraudulent conversion of lost property under said Section 3322.

Stealing Lost Cow.

The fallacy of this contention is disclosed in the able and lucid opinion of NAPTON, J., in State v. Martin, 28 Mo. 1. c. 537-8, where it is said:

"Without undertaking to say how far this doctrine about lost goods is to be taken as it is laid down in the old books, we dismiss any further consideration of it as inapplicable to this case.   Whatever may be the law concerning domestic animals, such as horses and cattle, in England, we do not consider the doctrine of the English criminal lawyers concerning lost goods as applicable to domestic animals in Missouri,   It is with no propriety, either in view of custom or statutory law, that animals can be called *lost goods* here simply because they are outside of the owner's enclosures and the owner does not know where they are.   Such animals are not *lost* in the proper sense of the term; nor can the person, who comes across them and feloniously appropriates them to his own use, with any propriety be called the *finder,* as he might be if he, with the same felonious intent, picked up a purse upon the highway.   A person does not lose the possession of his horses or cattle here because they may happen to be outside of his enclosures and he may not be able at any given time to lay his hands upon them.   They are still in his possession, as much as though they were in his stable or pasture.   Nor can it make any difference that they have gone five or ten miles from their ordinary range.   The owner is as entirely ignorant of their precise position in the former as in the latter case; and the fact that they are branded or not branded with the owner's name is perfectly immaterial.   It is sufficient for the person who comes across them to know that they are

not his property; and if he drives them off and converts them feloniously to his own use, he is as much guilty of larceny, when he is ignorant of their true owner and their owner is ignorant of where they are, as he would be if both he and the owner had full knowledge on both these points.

"Our statute in relation to lost money and goods has no relation to criminal law. It is merely a mode pointed out by which the ownership in such property may be changed, and imposes certain duties upon the finder of the property, which may be discharged or neglected without involving any criminal imputation. The same observation will apply to our stray laws. They have nothing to do with the criminal law, and are merely directory, to promote commerce and afford facilities for the reclamation of stray animals."

There was substantial evidence tending to show that Charlie Ward was the owner of the red cow in controversy, taken by *defendant* from the possession of Williams, and sold by appellant to Sanders. The jury, by their verdict, convicted defendant of grand larceny in disposing of said cow as above indicated. Unless error was committed during the progress of the trial, it becomes our duty to affirm the judgment.

III.   Appellant, at the trial below, objected to the State's instruction numbered one, and asked the court to instruct the jury as to defendant's honesty, good faith and lack of criminal intent, in dealing with the cow in controversy. This request was refused, and no instruction given in behalf of defendant in respect to this matter. Instruction one, supra, given in behalf of the State, reads as follows:

"First:  If, upon consideration of all the testimony in the case, in the light of the court's instructions, you find and believe from the evidence that at the County of Pemiscot and State of Missouri, on or about the  . . . day of July, 1920, or at any time within three years next before the filing of the information herein, the de-

fendant did wrongfully take and carry away one cow with intent to fraudulently convert the same to his own use and permanently deprive the owner thereof without his consent, and that the same was the property of Charlie Ward, and of the value of thirty dollars or more, you will find the defendant guilty of grand larceny, and assess his punishment at imprisonment in the penitentiary not less than two years nor more than five years, and unless you so believe and find from the evidence, you will acquit the defendant of grand larceny.''

This instruction might be sufficient under some circumstances, where the facts warranted the giving of same, but in its present form, it utterly ignored appellant's main defense in the case. The defendant testified that his father gave him a red heifer two years before the trial, which strayed from the range, and that he believed the cow in controversy which he took from Williams and sold to Sanders, was the same animal which his father had given him two years before. The defendant's testimony, supra, was corroborated by that of his father and Fewell. The father testified that he had given defendant a red heifer two years before, which strayed from the range, and that the cow in controversy looked like the same animal. Fewell testified, that he knew defendant had a red heifer which strayed away about two years before the trial; that appellant had offered to pay him to assist in locating said animal. The defendant likewise testified that he had no intention of stealing the cow in question from anybody, and believed it was his cow. As said, instruction one, ignored the defense aforesaid. It did not properly declare the law of the case. [State v. Martin, 28 Mo. 530; State v. Williams, 95 Mo. l. c. 249-50; State v. Lackland, 136 Mo. l. c. 31; State v. Ward, 261 Mo. l. c. 157, 168 S. W. 940; State v. Jenkins, 213 S. W. (Mo.) l. c. 797; State v. Bloomer, 231 S. W. (Mo.) l. c. 569.]

In State v. Martin, 28 Mo. 530, an instruction in behalf of the State, on this subject, was approved, which reads as follows:

"I. If the jury believe from the evidence that said Cheatham was the owner and possessed of the cattle mentioned in the indictment, and that defendant knowingly took and drove them away, in Benton County, against the consent of said owner, without any claim of right, and with the intent to deprive said owner of them and to convert and appropriate them to his own use, and thereby to defraud said owner of them, they will find him guilty."

This instruction was likewise approved in State v. Lackland, 136 Mo. l. c. 31.

In State v. Bloomer, 231 S. W. (Mo.) l. c. 569, defendant was charged with grand larceny under Section 3312, Revised Statutes 1919, in stealing hogs. On appeal Instruction One, given in behalf of the State, was assailed. In considering this question, at page 569, we said:

"Instruction No. 1 is objected to. It requires the jury to find and believe beyond a reasonable doubt that at the place and time designated in the instruction: 'The defendant did then and there steal, take, and carry away 13, or any less number of, hogs, about eight months old, weighing about 75 pounds each, of the property of W. C. Cooper, of any value, without any honest claim of ownership in them, and well knowing he had no interest or claim of interest in them, and with the intent to convert the same to his own use and to permanently deprive the owner of the use thereof and of his property in them,' etc."

We hold that, in a case of this character, where defendant claims by his evidence, he acquired possession of the property in controversy under an honest belief that it belongs to him; and that he had no intention of stealing the same, the trial court, if requested, should give an appropriate instruction covering this branch of the case.

IV. Appellant complains of Instruction Two given by the court on the subject of flight. This instruction is

clearly erroneous, even if there had been substantial evidence on which to base the same, for it reads as follows:

"Flight of the defendant unexplained is a circumstance to be taken into consideration with all the other facts and circumstances in evidence." It erroneously assumes, as a matter of law, that defendant had been guilty of flight.

Without regard to said instruction, we are of the opinion that there is not sufficient evidence in the record before us to justify a declaration of law relating to defendant's alleged flight. If, however, on a re-trial of the cause, the State should produce substantial testimony relating to this subject, it would be advisable to have the instruction on that subject conform to the law as declared in the following cases: State v. Brooks, 92 Mo. 1. c. 585; State v. Lewkowitz, 265 Mo. 1. c. 633; State v. Sparks, 195 S. W. (Mo.) 1032, and State v. Topalovacki, 213 S. W. (Mo.) 1. c. 105.

V. It is claimed by appellant that the court erred in excluding a part of the cross-examination of Mr. Sanders, in respect to certain statements made to him by defendant. We have examined the record relating to this subject, and do not find that any material testimony was excluded. The above assignment of error is without merit and overruled.

VI. Some other matters are discussed in appellant's brief, which will more than likely not arise in the re-trial of the case and, hence, are passed without discussion.

On account of the errors heretofore pointed out, the cause is reversed and remanded for a new trial. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.