230 S.W.2d 841 (1950)
STATE
v.
WEBSTER.
No. 41574.
Supreme Court of Missouri, Division No. 2.
June 13, 1950.
Wilbur F. Daniels, Fayette, for appellant.
J. E. Taylor, Attorney General, Robert L. Hyder, Assistant Attorney General, for respondent.
BARRETT, Commissioner.
Stanley Eugene Webster was charged with stealing two hogs, the property of Mr. Lawrence E. Tutt. He was found guilty and sentenced to two years' imprisonment. He admits that he took the hogs and sold them but he claims that he did so at the direction of his father who was entitled to the hogs and that, therefore, he could not be found guilty of grand larceny. Mo.R.S.A. § 4456. He claims, in the circumstances, that there was no evidence that he intentionally ("feloniously") took the hogs and that he should therefore be discharged. State v. Claybaugh, 138 Mo.App. 360, 122 S.W. 319.
Stanley's father, Clyde Webster, was a tenant on Mr. Tutt's farm. During the first year, 1946, Clyde was a tenant under an oral lease by which he was to receive $75 a month, one cow to milk and two meat hogs. In March 1947 Mr. Tutt and Clyde entered into a written agreement by which he was to receive $75 a month, the privilege to milk one cow and "two (2) two hundred (200) pound hogs for meat providing the party of the second part shall remain in the employment for the full term of this contract." Eugene testified that at his father's direction he took two 225 pound hogs to Boonville and sold them for $115.86. He cashed the check, retained $5 for himself and gave the balance of $110.86 to his father. He testified that the hogs were sold pursuant to the written contract. In support of Eugene's defense his father testified that he was entitled to the hogs under the contract and that on the 18th day of January 1948 he instructed Eugene to sell the hogs. There was evidence on behalf of the State, however, that Clyde *842 had butchered the two hogs he was to have under the contract. Furthermore, when Eugene was taken into custody he denied knowing anything about the hogs and on February 2d gave a statement in which he tacitly admitted that the hogs had been stolen. In short there was evidence from which the jury could find that Eugene intentionally or feloniously took the hogs and, consequently, the trial court did not err in refusing to direct a verdict for him. State v. Busch, 342 Mo. 959, 119 S.W.2d 265; State v. Simpson, Mo.Sup., 237 S.W. 748; State v. Bloomer, Mo.Sup., 231 S.W. 568.
Since he is not entitled to be discharged, he contends that he is entitled to a new trial because the court failed to instruct the jury "upon all questions of law arising in the case * * * necessary for their information in giving their verdict * * *." Mo.R.S.A. § 4070. Specifically, he contends that the court's instructions ignored his defense or claim of right to sell the hogsthe testimony that his father was entitled to them under the agreement. State v. Wright, 352 Mo. 66, 73, 175 S.W.2d 866. The principal instruction hypothesizing Eugene's guilt is a conventional grand larceny instruction but it contains the clause "without any honest claim thereto" and the State contends that that clause is a sufficient submission of his defense and fulfills the statutory requirement that the court instruct the jury in writing upon all questions of law necessary for their information in giving their verdict.
The convictions in State v. Busch, supra, and State v. Slusher, 301 Mo. 285, 256 S.W. 817 and State v. Collins, 292 Mo. 102, 237 S.W. 516, were reversed and remanded because the instructions ignored the defenses that the defendants claimed the property as of right or innocently hauled it for another. But the instructions in those cases do not contain the phrase "without any honest claim thereto" and the State contends that the instructions would not have been erroneous if they had included that phrase. In the larceny cases of State v. Bloomer, Mo.Sup., 231 S.W. 568; State v. Stark, Mo.Sup., 249 S.W.57, 59 and State v. Mathes, Mo.Sup., 281 S.W. 437, the instructions contained the phrase "without any honest claim thereto" and the convictions were affirmed. But the question presented here was not involved in those cases and in the Mathes case there was no evidence in support of the defendant's claim of right. In State v. Smith, 354 Mo. 1088, 193 S.W.2d 499 and State v. McMurphy, 324 Mo. 854, 25 S.W.2d 79, the court properly hypothesized for the jury the facts constituting grand larceny on the one hand and upon the other hand appropriately hypothesized the defendants' innocence if the defendants restrained the cattle as strays in one case and innocently took them in the latter case. In State v. Homes, 17 Mo. 379, 57 Am.Dec. 269, it was held to be reversible error when the court refused the defendant's proffered instruction that he should be acquitted if the jury believed his claim of right to the hogs. In State v. Johnson, 334 Mo. 10, 64 S.W.2d 655, the defendant was charged with forging a note. His defense was that he had authority to sign the note. The instruction hypothesizing the defendant's guilt ignored his defense of authority to sign and it was held that the court had erred in failing to instruct upon all questions of law arising from the evidence. "On principle, whenever the court in a criminal case undertakes to instruct on a question of law for the guidance of the jury `in giving their verdict,' the instruction should guide them fairly, should present both sides of a proposition if it has two sides, and this is so whether the attention of the court is drawn to the matter by a request from either the state or the defendant, or whether the court proceeds upon the matter of its own motion." State v. Harris, 232 Mo. 317, 321-322, 134 S.W. 535, 536. In point of fact Eugene did not have or make "any honest claim" of right to the hogs. His defense and the evidence in support of it was that his father was entitled to the hogs and that he innocently took them to Boonville and sold them at his father's request. If the jury believed his evidence he did not intentionally ("feloniously") steal the hogs and was not guilty of grand larceny. The instructions should plainly and fairly hypothesize *843 that defense as they did his guilt. State v. Wright, supra; State v. Johnson, supra; State v. Smith, supra; State v. McMurphy, supra; State v. Harris, Mo.Sup., 267 S.W. 802; 52 C.J.S., Larceny, § 150, page 999.
Because of the court's failure to properly instruct the jury upon all questions of law arising in the case the judgment is reversed and the cause remanded.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
TIPTON and LEEDY, JJ., concur.
ELLISON, P. J., dissents in separate opinion filed.
ELLISON, Presiding Judge (dissenting).
The principal opinion reverses and remands the cause on the appellant's assignment that the State did not "instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict" as required by Sec. 4070(4), R.S.1939, Mo.R.S.A. I do not agree. The particular instruction condemned is the State's principal instruction No. S-1 as follows: "If upon consideration of all the evidence and in the light of the court's instructions, you find and believe that the defendant, Stanley Eugene Webster, either alone or with another, at the County of Howard and State of Missouri, on or about the 31st day of January, 1948, without any honest claim thereto, did feloniously steal, take and carry away certain hogs, to-wit: two Duroc Jersey sows weighing approximately 225 pounds each, of the total value of $115.00, the personal property of Lawrence E. Tutt, with the felonious intent to convert the same to his own use and permanently deprive the owner thereof without his consent, then you will find the defendant guilty as charged in the information and assess his punishment at imprisonment in the State Penitentiary for a term of not less than two years nor more than five years, and unless you so find, you will acquit the defendant. As used in the foregoing instruction, felonious means unlawfully and against the admonitions of the law." (Italics mine)
The facts were that the father of the defendant-appellant was tenant on the farm of one Tutt, and the State's contention was that the hogs belonged to the landlord Tutt. The defense was that under the lease of the farm the father as tenant was to have two hogs for butchering; and that he as owner of the two hogs involved, directed his son, appellant, to sell them at Boonville, which the latter concededly did. This testimony, if true, undoubtedly established an honest and rightful claim on the part of the appellant to possession of the two hogs as agent or bailee of his father; and the right to sell them for his father.
On that theory the State's foregoing main instruction required the jury to find to the contrary that appellant stole the hogs "without any honest claim thereto"; that they belonged to the landlord; and that appellant had a felonious purpose to convert them to his own use. Then the instruction added: "and unless you so find you will acquit the defendant." The principal opinion holds the instruction was erroneous for three reasons, as I understand: (1) that it was appellant's father and not the appellant, himself, who had an "honest claim", if any, to the two hogs; (2) that the instruction did not present both sides of the question; (3) and [it seems] that there should have been a separate converse instruction setting out with equal positiveness the alternative theory that if appellant did have an honest claim to the hogs, he was not guilty. Referring now to the cases cited in the principal opinion.
State v. Busch, 342 Mo. 959, 967, 119 S.W.2d 265. The State's instruction No. 4 submitted only that defendant stole certain cattle with felonious intent to deprive the owner thereof without his consent. It ignored the defense that defendant did not know the cattle were being stolen, and was hauling them in good faith for hire. There was no "honest claim" clause. The *844 decision held this was error, and not cured by an "unless you so find" clause at the end of the instruction.
State v. Slusher, 301 Mo. 285, 292-293, 256 S.W. 817, held the same where the State's instruction purporting to cover the whole case ignored the defense that the defendant had bought the boat involved from a third person and thus come by it honestly. The instruction omitted any sort of an "honest claim" clause. The conviction was reversed.
State v. Collins, 292 Mo. 102, 111, 237 S.W. 516, held the same where the defendant claimed his father had given him a cow, and that the cow had strayed and was in possession of one Williams. Defendant repossessed the cow from Williams and sold her to one Sanders, believing her to be the same cow his father had given him. This defense was utterly ignored in the State's main instruction, which contained no "honest claim" clause.
State v. Johnson, 334 Mo. 10, 20(4), 64 S.W.2d 655, was a criminal prosecution for forgery of a promissory note, which the defendant claimed he had authority to sign, but that defense was ignored in the State's main instruction. On that ground the conviction was reversed and the cause remanded. This case is hardly in point on the issues here.
On the other hand, the principal opinion refers to the three cases next following, which I think are contrary to its own conclusion, and decisive here. In State v. Bloomer, Mo.Sup., 231 S.W. 568, 569(3), a larceny case, the defendant repossessed certain stray hogs which he claimed belonged to one Potter, who had arranged for him to keep them. The State's main instruction required the jury to find the defendant had knowingly stolen the hogs "without any honest claim of ownership in them." No further finding of fact was required on that point. This instruction was held sufficient and the conviction was affirmed.
Similarly, in State v. Stark, Mo.Sup., 249 S.W. 57, 59(4), the State's main instruction predicated a larceny on the stealing of cattle "without any honest claim thereto", which cattle the defendant claimed as his own. The instruction was held proper as against the contention that the court had failed to instruct on all the law of the case, under Sec. 4070(4), R.S.1939, Mo.R.S.A.
And in State v. Mathes, Mo.Sup., 281 S.W. 437, 438, 439(3), 441(8, 9), where the defendant was charged with larceny of an automobile, the State's main instruction required the jury to find he had stolen the automobile "without any rightful interest or claim thereto." The decision held the instruction sufficiently negatived any bona fide claim on defendant's part, even if the evidence showed he thought he had a right to drive the automobile away because of the trade of a farm for it. And it added that defendant had not asked a more specific instruction, and the court was not required to instruct further. In my opinion this Mathes case is decisive, and two other cases cited by the principal opinion point in the same direction, I think.
State v. McMurphy, 324 Mo. 854, 863(6), 25 S.W.2d 79, was a prosecution for larceny of stray cattle which the defendants claimed to own. The question was on the identity of the cattle. The decision held the State's own instruction No. 4 sufficiently covered both sides of the larceny issue.
State v. Smith, 354 Mo. 1088, 1096-1097, 193 S.W.2d 499, 503, involved the larceny of cattle in a county where the stock law was in force forbidding cattle from running at large. Defendant claimed the cattle were strays, and that he had a right to impound them. The State's instruction 4 on grand larceny required the jury to find the defendant took the cattle "without color or right or excuse" with intent to convert them to his own use. Instruction 5, also on grand larceny, contained an "unless you so find" clause. Instruction 6 stated that if the cattle were running at large and trespassing on defendant's land, and he restrained them without felonious intent to steal, then they should find him not guilty, although he may have sold the cattle and received the money therefor. The conviction was affirmed.
*845 One other case cited by the principal opinion is State v. Wright, 352 Mo. 66, 73(2), 175 S.W.2d 866. It dealt with the failure to give an instruction on self-defense in a murder case, where the defendant had made statements to the police claiming self-defense, but at his trial had repudiated them and denied making the assault at all. I cannot see that it has any application here.
In my view the State's principal instruction S-1 did instruct the jury on all the law of the case concerning the larceny and the court did not err in failing to embody any of its subject matter in a separate instruction.