**4**

STATE of Missouri, Respondent,

v.

**J. C. POWERS, Appellant.**
*No. 53715.*

Supreme Court of Missouri,
Division No. 2.
June 9, 1969.

As Modified on Court's Own Motion
June 20, 1969.

———◆———

John C. Danforth, Atty. Gen., Jefferson City, Arthur L. Poger, Special Asst. Atty. Gen., Clayton, for respondent.

Louis Kranitz, Theodore M. Kranitz, Rachel Swoboda Fitzsimmons, St. Joseph, for appellant.

BARRETT, Commissioner.

Charged with burglary and larceny the appellant, J. C. Powers, has been found guilty of "stealing property worth the value of more than $50.00," and his punishment fixed at two years' imprisonment.

Only such facts as are necessary to a disposition of this appeal need be noted. Mamie Jane Reynolds lived alone at 1714 Penn Street, St. Joseph. Before going to the hospital on February 7, 1967, she nailed up the back door and securely locked the front door with a padlock. A day or two later her son discovered that the back door had been "pulled off" and "throwed over in the corner" and the front door hasp and padlock had been pried open. The son did not notice whether anything was missing from the house and he did not report the burglary to his mother or to the police. When Mamie came home "about twelve (12) days" later she discovered that her Singer sewing machine for which she was obligated to pay $150.00 and two electric fans were missing. A few days later Mamie purchased a Singer sewing machine from Cook's secondhand store for $35.00 only to discover that it was her stolen machine. Cook had purchased the sewing machine and fans on February 10th from his part-time employee, J. C. Powers, for $18.00 and he so noted in his report to the city police. Cook positively identified the machine he purchased from Powers as the machine he sold Mamie.

Powers admitted selling the fans and sewing machine to Cook but he claims that on Friday, February 10, 1967, "(a)round 2:30 or a quarter to 3:00" he "met this colored guy, he was in a pickup," he gave the name of Fred Simpson and said he was going to Omaha. And Powers testified, "He had a sewing machine and two fans he wanted to sell and I bought them off of him. The sewing machine was broke and out of the case. I lifted it up and turned it over—it was locked, so I fixed it. These two fans were with it and I gave him $12.00 for the three. Albert (Powers, his cousin) came by and I stopped him and put them in his car and took them over to Cook and sold them to him." Albert corroborated J. C.'s testimony in detail, adding

that he was present when the fans and machine were bought as well as sold. He even described the vehicle as a pickup truck. J. C. said that they tried to contact Simpson but "The last time he was in Omaha and we had no luck in bringing him back." Incidentally, one of the arresting officers said that when he accosted the appellant with reference to his connection with the fans and the sewing machine he replied " 'Yes, I sold those.' We asked him where he got them and he said he bought them." He told the officer that "I bought them from a colored gentleman who was sitting in his car at 6th and Charles Streets." And the officer said that he gave a "vague description" of the seller.

In these circumstances and particularly upon this testimony the appellant contends that the court prejudicially erred in failing to instruct the jury "upon all questions of law arising in the case" and that "a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial." Criminal Rule 26.02(6); RSMo 1959, § 546.070, V. A.M.S. As indicated, the appellant was found guilty under the facts hypothesized in Instruction 6a—"stealing property of the value of more than Fifty Dollars." There were the usual formal, cautionary instructions as well as an instruction on circumstantial evidence and another on the presumption of innocence. There was, however, no instruction hypothesizing the appellant's supported defense of "purchase rather than theft." And, specifically, this is the appellant's point, "defendant's principal defense was that he acquired the property in question honestly by purchase, and not by theft of any nature. Yet, no instruction on this point appears in those given by the trial court."

The state's reply to this point is that the verdict forms together with the conclusion of Instruction 6a, "or you may find the defendant not guilty of burglary or stealing," plainly permitted a finding of innocence under the appellant's plea of "not guilty." It is also suggested that "the law of the case" referred to in the rule and the statute refers only to the "essential elements of the case" and not to a defense.

In State v. Slusher, 301 Mo. 285, 256 S. W. 817, the appellant was charged with the larceny of a rowboat. He testified that he "bought the boat from Bill Rounds at the mouth of the Nishnabotna River where he was camped." There as here the appellant contended that the principal instruction was erroneous in that it ignored his defense and there were no instructions specifically permitting a finding of the defense of purchase. The court said, "The vice of the instruction is that it purports to cover the whole case, and authorizes a verdict without taking into consideration the defenses offered by the defendant to the effect that he bought the boat—came by it honestly. Under section 4025, (RSMo 1959, § 546.070) RS 1919, whether requested or not, the court must instruct on all questions of law arising in the case, and that means the court should present to the jury the defendant's theory of the case, as well as that of the state." The court in that case followed two earlier larceny cases, State v. Collins, 292 Mo. 102, 237 S.W. 516, and State v. Harris, Mo., 267 S.W. 802. All three cases were followed in State v. Busch, 342 Mo. 959, 119 S.W.2d 265, where the defendant claimed that he did not know the cattle were stolen, that he "was hauling them in good faith for hire." The court observed that "There was no instruction given or requested submitting that defense" and the court concluded that an instruction ending "And unless you so find you will acquit the defendant" was not sufficient to supply the omission. In State v. Webster, Mo., 230 S.W.2d 841, it was said that if the jury believed the defendant, that his father was lawfully entitled to the hogs, "he did not intentionally ('feloniously') steal the hogs and was not guilty of grand larceny." And it was held that a principal instruction concluding "without any honest claim thereto" was

**6**

not sufficient to cure the error, that "(t)he instructions should plainly and fairly hypothesize that defense as they did his guilt." In State v. Gale, Mo., 322 S.W.2d 852, 856, it was observed that "innocent intention was a matter for the jury to find and resolve" but there as here "that does not solve the problem of whether the court erred in failing to instruct the jury in some manner upon the defendant's innocent intention, intention being the gist of the offense of 'stealing' as well as of 'larceny.'" And again there as here: "Even though his conduct and recent possession of stolen property made a prima facie case * * * where the defendant claims that he came into possession of property in circumstances in which he had no intention of stealing it, the court should in some manner instruct the jury on the subject." In short, the supported defense of "purchase," or of some other innocent possession, repels the essential inference, the very essence of the offense of stealing, "to intentionally steal the property of another" (RSMo 1959 Supp., § 560.156) and of necessity is a "question(s) of law necessary for their (the jury's) guidance in returning their verdict." Cr. Rule 26.02(6); V.A.M.S. § 546.070; State v. Drane, Mo., 416 S.W.2d 105. Thus plainly the defense of innocent possession is a part of the law of the case and the failure to instruct the jury on the subject constituted prejudicial error and accordingly the judgment is reversed and the cause remanded.

STOCKARD, C., not sitting.

PRITCHARD, C., concurs.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

FINCH, P. J., and DONNELLY, MORGAN and HOLMAN, JJ., concur.