**STATE of Missouri, Plaintiff-Respondent,**

v.

**Guy CUMMINGS, Defendant-Appellant.**

**No. 9634.**

Missouri Court of Appeals, Springfield District.

Nov. 12, 1974.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William E. Seay, Salem, for defendant-appellant.

TITUS, Judge.

Defendant was found guilty of stealing two neat cattle. The jury fixed his punishment at one year's imprisonment in the county jail and a fine of $500. §§ 560.156, subd. 2, 560.161, subd. 2(3) RSMo 1969, V.A.M.S. He appealed. We reverse and remand.

■ Defendant, a horse trader of some repute, asseverated to the jury at trial and to others while the matter was under investigation (as they testified in whole or part), that he had traded a horse, saddle and bridle to one L. Harris of Bunker, Missouri, for the two bovines. The court gave the usual definitional, cautionary, and circumstantial evidence instructions, one on the presumption of innocence, and Instruction No. 4 to the effect that the burden was on the state to prove defendant was present at the time and place the averred crime was committed.

However, there was no instruction or part of an instruction which undertook to negate defendant's special negative defense of swap rather than theft. "By 'special negative defense' is meant a defense (1) upon which defendant does not carry the burden of proof (. . . honest claim to ownership . . .), (2) supported by enough evidence arising during the whole case to raise a reasonable doubt of defendant's guilt, and (3) presenting a positive fact or set of circumstances, as distinguished from a bare denial or converse, which, if found, would negate one or more essential elements of an offense (honest claim to ownership, for example) or which would, if found, constitute a legal defense (self-defense, for example) . . . ." Notes on Use, MAI–CR 2.04 p. 2–9 (10–8–73).[1]

■ In his motion for new trial, defendant claimed the trial court erred in giving Instruction No. 2 (the verdict director) because it failed "to state the defense of defendant that he had purchased the neat cattle in question from another person." The sole point on appeal is that the court "erred in not instructing the jury as to the defense of Appellant that he had traded for the two calves as required by the Missouri Rules of Criminal Procedure, 26.02." We detect no incompatibility between the motion and the point which would warrant a ruling (as suggested by the state) that the point has not been saved for appellate review. Neither can we agree with the state's urging that Instruction No. 4, supra, presented defendant's defense to the jury.

■ There is no better or simpler method of resolving the issue in this case than to quote Barrett, C., in State v. Powers, 442 S.W.2d 4, 5–6 (Mo.1969): "In State v. Slusher, 301 Mo. 285, 256 S.W. 817, the appellant was charged with the larceny of a rowboat. He testified that he 'bought the boat from Bill Rounds at the

---

1. The case was tried before MAI–CR became effective. Nevertheless, the principles, law and rule relating to instructing on a defendant's special negative defense were the same then as they are now.

mouth of the Nishnabotna River where he was camped.' There as here the appellant contended that the principal instruction was erroneous in that it ignored his defense and there were no instructions specifically permitting a finding of the defense of purchase. The court said, 'The vice of the instruction is that it purports to cover the whole case, and authorizes a verdict without taking into consideration the defenses offered by the defendant to the effect that he bought the boat—came by it honestly. Under section 4025, (RSMo 1959, § 546.070) RS 1919, whether requested or not, the court must instruct on all questions of law arising in the case, and that means the court should present to the jury the defendant's theory of the case, as well as that of the state.' The court in that case followed two earlier larceny cases, State v. Collins, 292 Mo. 102, 237 S.W. 516, and State v. Harris, Mo., 267 S.W. 802. All three cases were followed in State v. Busch, 342 Mo. 959, 119 S.W.2d 265, where the defendant claimed that he did not know the cattle were stolen, that he 'was hauling them in good faith for hire.' The court observed that 'There was no instruction given or requested submitting that defense' and the court concluded that an instruction ending 'And unless you so find you will acquit the defendant' was not sufficient to supply the omission. In State v. Webster, Mo., 230 S.W.2d 841, it was said that if the jury believed the defendant, that his father was lawfully entitled to the hogs, 'he did not intentionally ("feloniously") steal the hogs and was not guilty of grand larceny.' And it was held that a principal instruction concluding 'without any honest claim thereto' was not sufficient to cure the error, that '(t)he instructions should plainly and fairly hypothesize that defense as they did his guilt.' In State v. Gale, Mo., 322 S.W.2d 852, 856, it was observed that 'innocent intention was a matter for the jury to find and resolve' but there as here 'that does not solve the problem of whether the court erred in failing to instruct the jury in some manner upon the defendant's innocent intention, intention being the gist of the offense of "stealing" as well as of "larceny."' And again there as here: 'Even though his conduct and recent possession of stolen property made a prima facie case * * * where the defendant claims that he came into possession of property in circumstances in which he had no intention of stealing it, the court should in some manner instruct the jury on the subject.' In short, the supported defense of 'purchase,' or of some other innocent possession, repels the essential inference, the very essence of the offense of stealing, 'to intentionally steal the property of another' (RSMo 1959 Supp., § 560.156) and of necessity is a 'question(s) of law necessary for their (the jury's) guidance in returning their verdict.' Cr. Rule 26.02(6); V.A.M. S. § 546.070; State v. Drane, Mo., 416 S. W.2d 105. Thus plainly the defense of innocent possession is a part of the law of the case and the failure to instruct the jury on the subject constituted prejudicial error . . . .''

In accordance with the foregoing, the judgment is reversed and the cause remanded.

HOGAN, C. J., and STONE, BILLINGS and FLANIGAN, JJ., concur.