STATE of Missouri,
Plaintiff-Respondent,

v.

Robert James THORNTON,
Defendant-Appellant.

No. 37395.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 16, 1977.

Motion for Rehearing and/or Transfer
Denied Oct. 11, 1977.

Deeba, De Stefano, Sauter & Herd, James B. Herd, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, James G. Gregory, Pros. Atty., Montgomery City, Montgomery County, for plaintiff-respondent.

REINHARD, Judge.

Defendant Robert James Thornton appeals from a conviction in the Circuit Court of Montgomery County, Missouri, for the offense of stealing property of the value of at least $50.00. §§ 560.156, 560.161, RSMo. 1969. Punishment was assessed by the jury at imprisonment for a term of six years.

Taking the evidence most favorable to the state, the jury could reasonably have found that Kenneth Knipmeyer owned a Forney welder and a Westinghouse welder which were located on his farm in Montgomery County, Missouri, and that they were stolen by the defendant and his companion on or about June 23, 1974. The evidence was that the welders had a combined value of over $50.00. The welders, along with other property, were sold by the defendant and his friend to George W. Pfister, the owner of a salvage yard in Jonesburg, Missouri.

Defendant and his wife testified that the former had purchased the Forney welder in 1969 or 1970 from Charles Fortman. Defendant testified that he and a companion had found the Westinghouse welder in June of 1974 while searching for scrap at a dump near the town of Bellflower in Montgomery County. Defendant stated that the two returned the next day, loaded the welder onto a borrowed pickup, and then delivered the Westinghouse welder, the Forney welder, and other scrap materials to Pfister.

The court gave a verdict directing instruction (No. 7) which combined MAI–CR 7.70 and 2.12, and, at the request of defendant, gave a converse instruction (No. 8). However, an instruction which undertook to negate defendant's special negative defense that the property was purchased or found was not given.

Defendant on appeal contends that the court erred in failing to instruct the jury on his special negative defense of innocent possession. He argues that evidence tending to show that he purchased the Forney welder and found the Westinghouse welder warranted a special negative defense instruction as to innocent possession. While conceding this point, the state contends the

issue was not properly preserved for review in the motion for new trial.

Rule 27.20(a) requires that "A motion for a new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." The relevant portion of defendant's motion for a new trial states:

"Instruction No. 7 is erroneous and prejudicial in the following particulars:
a). The instruction permitted a finding of guilt if the jury believed that the defendant merely 'took two welding machines' despite defendant's announced defense that he had found and taken one of the machines from a public dump."

■ In the motion for a new trial, counsel for defendant explicitly objected neither to the absence in the verdict director of any reference to the special negative defense, nor to the failure of the court to give a separate instruction on the defense. The motion for a new trial contained no reference whatsoever to the claim of purchase of one of the welders. The reference in the motion for a new trial to the alleged deficiency of the verdict director as to the innocent finding of the welder was sufficiently specific to preserve that point for review. See *State v. Cummings,* 516 S.W.2d 49, 50[3] (Mo.App.1974).

Having decided the issue is properly before us, we conclude that the failure of the trial court to instruct on the defense of innocent possession constituted prejudicial error.

■ The defendant testified that he had found the abandoned Westinghouse welder at a dump. This was evidence supportive of the defense of innocent possession of the property, which defense is part of the law of the case. Under Criminal Rule 26.02, the court, whether or not requested, is required to instruct the jury upon "all questions of law necessary for their guidance in returning their verdict * * *." *State v. Powers,* 442 S.W.2d 4, 6 (Mo.1969); *State v. Drane,* 416 S.W.2d 105, 107–08[3]

(Mo.1967); *State v. Fox*, 510 S.W.2d 832, 836 (Mo.App.1974).[1]

 The defendant next alleges that there was not substantial evidence of value to submit the issue of stealing property of the value of at least $50.00 to the jury or, in the alternative, that the court should have given an instruction on the lesser and included offense of stealing property valued at less than $50.00. We find no merit in defendant's contention. All the evidence in this case relating to the value of the property was that its value exceeded $50.00. The court properly instructed the jury as to the charge of stealing property of a value of at least $50.00.[2]

 George Pfister testified that he paid $30.00 for the Westinghouse welder and $40.00 for the Forney welder. Evidence of the price at which property is sold is admissible as evidence of value, provided the sale did not occur at a time too remote from the time as of which the property value is to be determined. *Skillman v. First National Bank of Kansas City*, 524 S.W.2d 51, 58[8] (Mo.App.1975); 31A C.J.S. Evidence § 183(2), p. 481.

 Mr. Knipmeyer, the owner, testified as to value in excess of $50.00. Testimony by an owner as to the reasonable value of his property is usually deemed to be competent and substantial evidence. *State v. Brewer*, 338 S.W.2d 863, 868[8] (Mo.1960); *State v. Brewer*, 286 S.W.2d 782, 783[1, 2] (Mo.1956). Although on cross-examination, defense counsel discredited to some degree Knipmeyer's actual knowledge of the value of the machines, such efforts bear on the weight of the owner's testimony and not on his competency to testify.

The defendant presented no evidence that the value of the property was less than $50.00. When, as here, all the evidence in the case relating to value is that it exceeded $50.00, the trial court is not required to instruct on stealing property of a value of less than $50.00. *State v. Burrage*, 418 S.W.2d 101, 106–07[9] (Mo.1967).

Reversed and remanded for a new trial.

McMILLIAN, P. J. and STEWART, J., concur.

---

1. The new criminal pattern instructions embody the requirements set forth in Rule 26.-02(6) and § 546.070(4), RSMo. 1969. As a "special negative defense", the defense of innocent possession must be the subject of a separately numbered instruction and accompanied by a cross-reference to same in the verdict director. See Notes on Use, MAI-CR 2.04, p. 2–9.

2. Defendant was charged with stealing two welders with a combined value of at least $50.00. In order to find the defendant guilty of stealing property of a value of at least $50.00, Instruction No. 7 required a finding by the jury that the defendant had stolen both welders and that their combined value was at least $50.00.