**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James FOSTER, Jr. a/k/a Ted Foster,
Defendant-Appellant.**

**No. 43393.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 16, 1982.

Ronald J. Kaden, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Brian P. Seltzer, Asst. Attys. Gen., Jefferson City, Diane M. Garber, Pros. Atty., Fulton, for plaintiff-respondent.

STEWART, Presiding Judge.

Defendant appeals from a conviction for rape in violation of § 566.030 RSMo 1978. Judgment was entered pursuant to a jury verdict of guilty. The defendant was sentenced to five years imprisonment.

For reversal, appellant contends: 1) the trial court erred in failing to grant his motion for judgment of acquittal; 2) that Instruction No. 5 was improper because it purported to cover the whole case and made no reference to the instruction on mistake of fact defense given by the court; 3) that Instruction No. 8 and part of Instruction No. 9 did not submit the proper cupable mental state for the crime of rape.

We reverse and remand for a new trial.

Because defendant challenges the sufficiency of the evidence to sustain the conviction we set forth the facts in detail in the light most favorable to the State. *State v. Petrechko*, 486 S.W.2d 217 (Mo.1972).

The victim, a college student, 18 years of age, and four of her friends first met defendant and his friend Allen on Labor Day, 1979, on the college campus. After talking for a while the four girls went with the two boys to a park where all of them smoked marijuana provided by defendant. They were at the park for about one-half hour.

Defendant had two Doberman Pinschers in the back of his truck the first time they met. Five days later the prosecutrix and two of her friends saw defendant and Allen on the campus again. The two dogs were in the back of the truck. She approached the truck, touched the dogs and asked if they would attack. She drew back when defendant told her that they would attack at his command.

The prosecutrix and her friend Sarah arranged to go to Columbia that night with defendant and Allen to hear a band that was playing at a bar. Defendant and Allen arrived that evening in separate trucks. The girls did not like going separately. It was then agreed that they would meet at a shopping center lot where they would leave one truck and go together in the other. When they met they agreed that one truck would not hold the four of them. Prosecutrix then went in defendant's truck and Sarah and Allen went together in the other truck.

When they got to their destination they were not admitted because the girls were under age. After trying to gain admittance to a second bar, they were admitted

to the third bar and were served drinks. Defendant and prosecutrix smoked marijuana during one of the band's intermissions.

Sarah and Allen left about 12:30 AM and defendant and prosecutrix left about 1:00 AM. Defendant drove through a park where there was to have been a party but no one was around. He then drove down a gravel road, parked and attempted to become intimate with the prosecutrix. She pushed him away and said "[n]o, I'm sorry. I don't do that." He tried again and again she pushed him away and asked him to take her home. He refused but when the girl started to get out of the truck, he told her that he would take her home. He started driving roads that were unfamiliar to prosecutrix. She repeatedly asked him to take her home. He said he was not "ready yet" and took her to his house in the southern part of Callaway County. When he got to his home he got out of the truck and took the keys. He got the dogs and came to the passenger side of the truck. She asked to go home. Defendant reminded her that she was in the truck without keys, that she didn't know where she was and he had the two Doberman Pinschers so she didn't have much choice. The prosecutrix went inside and sat on the couch. Defendant came over to the couch, held her down and started kissing her. She tried but was unable to push him away. She struggled while he tried to take off her pants and he told her that they could come off in one piece or he could rip them off. During the struggle she kicked him in the groin. He told her she better not ever try that again. He took off her pants, underwear and shoes. He picked her up as she struggled and carried her into the bedroom, pinned her shoulders to the bed and forced her to have intercourse. She was crying throughout the episode. Defendant then rolled over in the bed and she went into the living room, dressed and called her roommate and told her that she had been raped. She left the house and walked to a neighboring town and knocked on doors until she found someone who drove her back to the campus.

Defendant testified that the prosecutrix had consented to have sexual intercourse with him.

In contesting the sufficiency of the evidence to sustain the jury verdict it is defendant's primary contention that there was insufficient evidence to show that defendant used such an array of physical force as to overpower the mind of prosecutrix so that she did not resist or to show that she used the utmost resistance to keep him from having sexual intercourse with her. In other words he complains that there was no substantial evidence of lack of consent on the part of the prosecutrix.

We disagree. There was evidence from which a jury could believe that prosecutrix repulsed defendant's advances on every occasion and constantly asked to be taken home. At defendant's house the girl did not get out of the truck until threatened and told she had no choice. She tried to repulse defendant when he forcefully removed her garments. At one point she kicked him in the groin. She was taken, struggling and crying and protesting, into the bedroom and held down on the bed and forced to have intercourse with defendant. In addition to the actual force, the prosecutrix was under the constant threat that defendant would command the dogs to attack her. There was sufficient substantial evidence to show lack of consent on the part of the victim. *State v. Boone*, 519 S.W.2d 27 (Mo.App.1975).

Defendant next contends that the trial court erred in giving Instruction No. 5, the verdict directing instruction, because it omitted any reference to the defense that he believed he had the consent of the prosecutrix.

The State urges that defendant failed to raise this issue in his motion for new trial. The last sentence of paragraph 3e states that, "Instruction number 5 (the verdict director) failed to contain a cross reference to instruction 8 as required by notes on use 2. Fifth, MAI–CR 2.04." We find that this is sufficient to raise the issue.

In this case the trial court gave Instruction No. 8, MAI–CR2d 2.37.2 reading as follows:

"One of the issues is whether the defendant acted recklessly with regard to [prosecutrix]'s consent. The state has the burden of proving beyond a reasonable doubt not only that [prosecutrix] did not consent but also that the defendant acted recklessly with regard to consent. If the defendant believed [prosecutrix] consented, then he was not reckless as to consent.

If you find that the defendant believed [prosecutrix] consented or if you have a reasonable doubt as to whether he believed [prosecutrix] consented or if you have a reasonable doubt as to whether the defendant was reckless as to consent, then you must find the defendant not guilty."

Instruction No. 5 (MAI–CR2d 20.02.1) does not contain any reference to Instruction No. 8. Notes on Use under MAI–CR2d 20.02.1 provide:

"4. If a separate instruction is given on a mistake of fact defense, such as a belief that the defendant had the victim's consent, the Fourth paragraph of MAI–CR 20.02.1 must be included. See MAI–CR 2.37.1.2. The cross-reference will be to the separate instruction on that special negative defense. See Note 2 under MAI–CR 2.04."

The State concedes that the failure to include a reference to Instruction No. 8 in the verdict directing instruction is error but argues that it is not prejudicial. We do not agree.

The basic principals governing instructions have not been changed by Rule 28.02 [1] (a). Like its predecessors, Rule 28.02(a) provides "the court must instruct the jury on all questions of law necessary for its guidance in returning a verdict." It has been held under this rule that an instruction that purports to cover the whole case but ignores a defense supported by the evidence is erroneous and constitutes reversible error. *State v. Tate*, 436 S.W.2d 716, 718 (Mo.1969); *State v. Drane*, 416 S.W.2d 105, 108 (Mo.1967); *State v. Fox*, 510

S.W.2d 832, 836 (Mo.App.1974). For this reason the judgment must be reversed and the cause remanded to the trial court for a new trial.

Defendant's final point urges reversal for error in giving Instructions No. 8, MAI–CR 2.37.2 which is set out in full above, and No. 9, which contains a definition of "reckless" and in refusing Instruction E submitted by defendant. Instruction E would have required the jury to find that defendant was "aware of [the victim's] lack of consent" to having sexual intercourse with defendant. As to the question of the victim's lack of consent, it is defendant's contention the proper state of mind required for conviction is "knowledge" of lack of consent.

The statute under which appellant was convicted, § 566.030 RSMo 1978, does not set out a culpable mental state. We turn to § 562.021(2) RSMo 1978 for instruction:

"2. [I]f the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient."

Instruction No. 8 was patterned after MAI–CR2d 2.37.1.2. The subtitle of the approved instruction reads: "Where mental state is required but statute does not specify the mental state or specifies recklessness as required mental state."

Appellant cites *State v. Pierson*, 610 S.W.2d 86 (Mo.App.1980) for his position that "knowingly" is the proper mental state. The case is distinguishable on the grounds that the requirement of knowledge dealt with acts with third persons. This is also true of *State v. Gray*, 497 S.W.2d 545 (Mo.App.1973) cited by appellant. We said in *State v. Gullett*, 606 S.W.2d 796, 803 (Mo.App.1980): "[f]or example, § 566.030, defining the crime of rape, does not expressly prescribe a culpable mental state

1. Formerly covered under Rule 20.02 and Rule 26.02(6). *See also State v. Cummings*, 516

S.W.2d 49, 50, n.1 (Mo.App.1974).

and can be committed with recklessness ...." In accord with this result is MAI–CR2d 20.02.1, Notes on Use, note 4, which refers to MAI–CR2d 2.37.1.2 as the instruction to be used. In this instance the trial court gave the proper instruction. This was sufficient to place the issue before the jury.

For the reason set out herein the judgment is reversed and remanded.

NORWIN D. HOUSER, Senior Judge, and STEPHAN, J., concur.