The State v. Mallon.

| 75 | 355 |
| 105 | 533 |
| 75 | 355 |
| 109 | 660 |
| 75 | 355 |
| 117 | 343 |
| 75 | 355 |
| 121 | 148 |

## THE STATE V. MALLON, *Appellant.*

1. **Pleading, Criminal.** An indictment in two counts will be good if each count contains a criminal charge sufficiently alleged, though the counts be repugnant to each other.

2. ———: ELECTION. The fact that the several counts of an indictment are repugnant to each other, is no ground for compelling the State to elect between them.

3. **Practice in Supreme Court:** INSTRUCTIONS. Where the evidence adduced upon the trial is not preserved in the bill of exceptions, this court will assume that it warranted the instructions given, if such evidence could legitimately have been given under the indictment.

4. **Criminal Law:** BREAKING JAIL. Evidence that one accused of a crime has broken or attempted to break jail, is admissible, as tending to prove guilt. On the other hand evidence on the part of the accused explanatory of such attempt and tending to show that it was not prompted by a consciousness of guilt but by other considerations consistent with innocence, is equally admissible.

5. **Practice.** Error committed in withdrawing evidence from the jury is not cured by giving an instruction which permits them, in making up their verdict, to consider the facts which the excluded evidence tended to prove.

6. ———. Remarks of the prosecuting attorney; *Held*, not to call for a reversal.

*Appeal from Knox Circuit Court.*—HON. BENJ. E. TURNER,. Judge.

REVERSED.

O. D. *Jones* and S. B. *Davis* for appellant.

D. H. *McIntyre,* Attorney General, for the State.

HENRY, J.—The defendant was indicted for robbery in the first degree. The indictment contained two counts,.

1. PLEADING, CRIMINAL. one charging defendant with taking the property from the person of the prosecutor by putting him in fear, and the other, with taking it from his person by violence, etc. A motion to quash, on the ground that the counts were repugnant to each other, was overruled. The court did not err in overruling that motion. Each count contained a criminal charge sufficiently alleged, and the repugnance of the counts was no ground for quashing the indictment.

Nor did the court err in refusing to compel the State to elect upon which count she would proceed. It is usual

2. ——: election. to frame several counts where only a single offense is intended to be charged, for the purpose of meeting the evidence as it may transpire at the trial; and in such cases the court will not compel the prosecutor to elect. *State v. Porter,* 26 Mo. 206 ; *State v. Pitts,* 58 Mo. 556.

The evidence is not preserved by the bill of exceptions, and we cannot say, therefore, whether it warranted the court in giving the instructions

3. PRACTICE IN SUPREME COURT : instructions. complained of or not. Evidence might legitimately have been introduced under either count of the indictment, which would have justified the court in giving the instructions, and as appellant has not preserved the evidence, we must assume that such evidence was adduced, especially as the bill of exceptions contains the following statement : " The trial was proceeded with, and the State

offered evidence tending to prove the commission of the crime by the defendant, and sufficient to support a conviction as admitted by the attorneys for defendant, in this their bill of exceptions, and among other evidence proved that defendant had broken jail while confined on this charge and secretly left the State."

Defendant testified as a witness in his own behalf, and with respect to his having broken jail, as follows: "I did not break jail because I feared a trial and conviction on this charge; the reason was, I was mistreated." The answer was objected to by the State's attorney, and the objection was sustained by the court. In this, we think, the court erred. Evidence that one accused of a crime has broken or attempted to break jail, is admissible, as tending to prove guilt, and, therefore, any evidence on the part of the accused, explanatory of such attempt, and tending to show that it was not prompted by a consciousness of guilt, but by other considerations consistent with innocence, is admissible.

4. CRIMINAL LAW: breaking jail.

The error committed by the court was not cured by an instruction given at the instance of defendant: "That although the jury may believe from the evidence that the defendant did break jail while confined on this charge, yet if they did not believe that he did it from a motive to flee and avoid a trial on this charge, they should not consider it as an element in making up their verdict as to defendant's guilt or innocence." That would have been a proper instruction if defendant's testimony on that subject had been received, but having virtually withdrawn it from the jury, the defendant could have derived no benefit from the instruction.

We have noticed all the alleged errors except that in relation to alleged misconduct of the prosecuting attorney. The following statement in his address to the jury is complained of: "Their theory is that a soberer man than Mallon or Brown got the money, but you are not to guess at this matter. There is no evidence that the money was

lost, or that any one got it but Mallon." This was but his opinion of what the evidence proved, and there was no impropriety in expressing that opinion, however erroneous it may have been. No verdict in a case contested before a jury could stand, if on such grounds, this court should hold that their verdict should be set aside. What the attorneys of the respective parties to a litigation labor to demonstrate to a jury, is that the evidence establishes the facts on which they respectively rely for a verdict. This is legitimate.

Nor was the other remark attributed to the prosecuting attorney so far out of the way of professional propriety, as to justify this court in interfering with the verdict. It was to the effect that there is no security for the lives or property of citizens if juries fail to do their duty, while crime is so greatly on the increase. There was nothing in that observation that could have prejudiced the defendant. It was but the declaration of a duty of juries, everywhere recognized, and the statement of the fact that crime was on the increase could certainly have been no inducement to the jury to convict the defendant, if the evidence did not warrant his conviction. For the error above indicated, the judgment is reversed and the cause remanded.