THE STATE v. KING, *Appellant*.

1. **Criminal Law**: EVIDENCE OF DEFENDANT'S GOOD CHARACTER. In a criminal prosecution evidence of the good character of the defendant is always admissible; but the law limits the inquiry to his general character as to the trait in issue; a witness will not be allowed to express his individual opinion.

2. **An Instruction** objected to as leaving it to the jury to determine what were the material allegations in the indictment; *Held*, not properly open to that objection.

3. **Criminal Law**: PRESUMPTION OF GUILT ARISING FROM FLIGHT. Flight from a charge of crime raises a presumption of guilt; but this presumption may be modified or overthrown by evidence showing that the flight was occasioned by other causes than consciousness of guilt, and when there is such evidence the jury should be directed to consider it and determine how far it tends to rebut the presumption.

4. ———: REASONABLE PROVOCATION: HEAT OF PASSION. The insulting conduct proven in this case was not such as to constitute reasonable provocation, so that the defendant could not have been in a heat of passion when he committed the assault.

*Appeal from Johnson Criminal Court.*—HON. J. E. RYLAND, Judge.

REVERSED.

*J. J. Cockrell* and *Sam'l P. Sparks* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HOUGH, C. J.—The defendant was indicted for a felonious assault, and was convicted, in the language of the verdict, " of maiming, wounding, disfiguring and endangering the life of one S. D. Fuller, without intent to kill," and was fined $125.

The following extract from the defendant's testimony states the circumstances of the assault: " I was helping Mr. G. W. Ford to thresh on the 6th of last August, 1880. I was pitching wheat from the stack to the feed-table; we had finished the stack on the south side, and I was the only

one pitching to the table on the north side. I went to the edge of the stack to get a drink of water, and while there I took a drink of whisky, and then a drink of water. While there, Dyer, who was feeding, got out of wheat and called for more wheat, and I then ran back and threw several bundles up. Then Fuller yelled something to the darkey, and I called him and asked him what he said, and he told me he had told the darkey (Dyer) "to knock them bundles off and to knock them to hell, by God," and I said may be you had better get up there and knock them off, and he said 'God damn your soul I can,' and I said 'God damn your soul, if you do I'll knock you down.' He then got up on the foot-board in Dyer's place and I threw four bundles up. There were no bundles there when he got up. He knocked off two bundles and fed two, and then I knocked him off with the pitchfork. I hit him with the tines with just what force I thought would knock him off. I could have hit him with the handle or thrust the tines into him."

At the trial a witness for the State, who stated that he had known the defendant for several years, and had personal knowledge of his character, but did not know his reputation in the neighborhood where he resided, was asked on cross-examination to state what the character of the defendant was for being a peaceable law-abiding citizen, and the court refused to permit the witness to answer the question. This ruling of the court is assigned for error. We are of opinion the court properly excluded the testimony offered. In a criminal prosecution, the good character of a defendant is always admissible, but the law limits the inquiry in such cases to his general character as to the trait in issue. *State v. Dalton*, 27 Mo. 12; Wharton's Crim. Ev., § 58; Taylor's Ev., (7 Ed.) §§ 350, 351; 3 Greenleaf Ev., § 25. The mere opinion of the witness is not admissible. His experience and observation may not accord with the general repute.

It is also urged that the court erred in giving the fol-

*Margin note:* 1. CRIMINAL LAW: evidence of defendant's good character.

The State v. King.

lowing instruction : "It devolves upon the State to affirm-
2. AN INSTRUCTION. atively prove to the satisfaction of the jury
every material allegation in the indictment herein, and
unless the State has so proven, to the satisfaction of the jury
beyond a reasonable doubt, that defendant made the assault
upon Fuller as charged in the indictment, with a deadly
weapon, with malice aforethought and with the intent to
kill and murder the said Fuller, then they should find the
defendant not guilty as charged in said indictment." The
objection is that the jury are left to determine what are the
material allegations in the indictment, and the instruction,
therefore, submits to them a question of law. We do not
think the instruction, when fairly considered as a whole, is
obnoxious to the objection urged. The court designates in
the instruction the material allegations which the State
must prove, and the instruction is evidently worded with a
view of informing the jury that the facts required to be
found constitute the material allegations referred to.

As the defendant was found guilty under other instruc-
tions of an assault with intent to kill, we would not have
noticed this instruction, but for the fact, that for reasons
hereinafter given the judgment must be reversed.

The following instruction is also complained of: "Flight
raises the presumption of guilt; and if the jury believe
3. CRIMINAL LAW: from the evidence that defendant, after the
presumption of
guilt arising from commission of the assault alleged, fled the
flight. country and tried to avoid arrest and trial,
they may take this fact into consideration in determining
his guilt or innocence." This instruction is in harmony with
the views heretofore expressed by this court in the *State v.
Phillips and Ross*, 24 Mo. 475, and the *State v. Williams*, 54
Mo. 170. It does not direct the jury as to the weight to
be attached to the inference of guilt arising from flight and
the effort to avoid arrest and trial. That is a matter for
the jury, and is to be determined by them in connection
with the other facts and circumstances in evidence. The
presumption or inference of guilt arising from flight may

be modified or overthrown by testimony showing that the flight of the defendant was occasioned by other causes than consciousness of guilt; and where the testimony discloses circumstances explaining or excusing flight which consist with the innocence of the defendant of the crime charged, the jury should be directed to consider the same in connection with the presumption arising from flight, and determine how far they tend to rebut such presumption. *State v. Mallon*, 75 Mo. 355; Wharton Crim. Ev., § 750. There were facts in this case explaining the defendant's flight to which the attention of the jury might have very properly been called, leaving the weight to be attached to the same, of course, to the jury.

The instructions on which the verdict of the jury is predicated, are as follows:

8. The killing of another in a heat of passion, without a design to effect death, by a dangerous weapon, in any case except such wherein the killing of another is justifiable or excusable, is manslaughter in the third degree.  *  *  (Here follows a definition of justifiable and excusable homicide which is unimportant in this case, and is, therefore, omitted.)

*4. ———: reasonable provocation: heat of passion.*

9. If the jury believe from the evidence that S. D. Fuller was maimed, wounded or disfigured, or received great bodily harm, or his life was endangered by the act, procurement or culpable negligence of the defendant under such circumstances as would have constituted manslaughter, as before defined, if death had ensued, they will find the defendant guilty, and assess his punishment at imprisonment in the penitentiary not less than two nor more than five years, or imprisonment in the county jail not less than six nor more than twelve months, or a fine of not less than $100 nor more than $1,000, or both a fine of not less than $100 nor more than $1,000, and imprisonment in the county jail not less than three months nor more than twelve months.

In the first of these instructions (number eight) heat

of passion is not defined, nor were the jury informed as to what is a lawful or reasonable provocation. *State v. Charles Ellis*, 74 Mo. 207. But these omissions are minor faults. The instruction is radically wrong in this case because there is no testimony to support it. The insulting conduct of Fuller, which occasioned the blow inflicted by the defendant, did not constitute reasonable provocation, and there could not, therefore, be any technical heat of passion. *State v. Ellis, supra.*

Other questions were presented in argument, but the disposition we have made of the case renders it unnecessary to advert to them. The court properly instructed the jury as to the law of common assault and battery, under section 1655 of the Revised Statutes.

For the errors indicated the judgment of the criminal court of Johnson county will be reversed and the cause remanded. The other judges concur.