## THE STATE v. THOMAS HARRIS, Appellant.

### Division Two, February 7, 1911.

1. **INSTRUCTION: Not Covering Proposition: No Request.** When the court, either of its own motion, or on request from the State, instructs upon a question of law, such instruction must fully cover the proposition; and where the court undertakes to instruct upon a question, the defendant, without request upon his part, is entitled to as full and complete an instruction as he could properly claim had he requested it. [Overruling State v. Sublett, 191 Mo. 163, on this point.]

2. ———: ———: ———: **Flight.** A crowd had been drawn together by the beating of a negro driver of an express wagon, and in the midst of the excitement deceased was shot, and eight eye-witnesses testified that defendant did the shooting and others that he did not. Defendant went to two towns in another State, and after two weeks returned and surrendered himself. His evidence was to the effect that he fled because he had good reason to fear mob violence, which there is evidence to show had been incited against him on account of the killing, and because he had business in the first town to which he went and was there advised it would be unsafe

for him to return at the time. *Held*, first, that since the court undertook to give an instruction on the subject of flight, it should have been made to cover this phase of the evidence explanatory of his flight, whether defendant requested a full and proper instruction or not; and, second, an instruction telling the jury that "flight of the defendant is a circumstance to be taken into consideration in connection with all other facts and circumstances in evidence, and if the jury find and believe from the evidence that the defendant, after the commission of the homicide alleged in the information, fled from his usual place of abode for the purpose of avoiding arrest and trial for said offense, they may take this fact into consideration in determining his guilt or innocence," would be correct and full enough if there were no evidence explaining defendant's flight, but as applicable to the facts in this case, it is incomplete, in that it does not give the defendant the benefit of the evidence explaining his flight and his reasons for fleeing, and is therefore reversible error.

Appeal from Jackson Criminal Court.—*Hon. E. E. Porterfield*, Judge.

REVERSED AND REMANDED.

*Moore & Handy* and *H. S. Kimbrell* for appellant.

(1) The court erred in giving instruction 6 on behalf of the State. This instruction did not give the defendant the benefit of his explanation or his reasons for leaving the State, his statement being that he left because he was in fear of a mob, that he intended to return as soon as quiet had been established, and that he did return. The following cases hold that the court should instruct the jury as to all explanatory reasons for flight and that it is error not to do so: State v. Mallon, 75 Mo. 357; State v. King, 78 Mo. 557; State v. Brookes, 95 Mo. 556; State v. Walker, 98 Mo. 108; State v. Potter, 108 Mo. 424; State v. Fairlamb, 121 Mo. 137; State v. Hopper, 142 Mo. 478. (2) The court erred in failing to instruct the jury on all the law governing the case. State v. Kennedy, 177 Mo. 132; R. S. 1909, sec. 5231.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

Instruction 6 is an instruction upon flight. The State's evidence tended to show that the appellant fled to Kansas and remained away from the place of the homicide, and away from his home, for about two weeks. There was, therefore, ample evidence upon which to bottom this instruction. There can be no complaint as to the form of the instruction. State v. Soper, 207 Mo. 502. The appellant did not request the court to instruct upon all the law of the case. State v. McCarver, 194 Mo. 717; State v. Bond, 191 Mo. 555; State v. Espenschied, 212 Mo. 223; State v. West, 202 Mo. 137.

FERRISS, J.—The defendant was convicted in the criminal court of Jackson county of murder in the first degree, and received a life sentence in the penitentiary. He appeals to this court to reverse the judgment because of alleged error committed by the trial court in instructing the jury on the question of flight.

The facts material to a proper consideration of the question raised are as follows:

On the 5th day of September, 1908, at 9:30 p. m., one Frank Smith was shot to death on Eighteenth street, Kansas City. The deceased had joined a crowd which had gathered on the scene of an affray which involved the serious beating of a negro boy, driver of an express wagon. In the midst of the excitement, the deceased, who had no part in the affray, was shot. Eye-witnesses for the State testified that defendant did the shooting. Eye-witnesses for the defense, including the defendant, testified that defendant did not shoot the deceased.

Shortly after the shooting the defendant went to Argentine, Kansas, from thence to Junction City, Kan-

sas, and in about two weeks returned to Kansas City, and gave himself up to the authorities. Defendant introduced evidence to the effect that he fled because he had good reason to fear mob violence, which, there is evidence to show, had been incited against him on account of this killing; also that he had business in Argentine, and was advised there that it would be unsafe to return at that time.

If the testimony for defendant is believed, an explanation of the flight, consistent with innocence, is given. If this evidence is not believed, the flight stands unexplained. On this point the court gave the following instruction:

"Flight of the defendant is a circumstance to be taken into consideration in connection with all the other facts and circumstances in evidence, and if the jury find and believe from the evidence that the defendant, after the commission of the homicide alleged in the information, fled from his usual place of abode for the purpose of avoiding arrest and trial for said offense, they may take this fact into consideration in determining his guilt or innocence."

The defendant contends that this instruction is erroneous because it fails to "give the defendant the benefit of his explanation or his reasons for leaving the State."

The State contends, 1st, that the instruction is proper; 2d, that the defendant is precluded from now objecting that the instruction is improper and incomplete, by reason of the fact that he did not ask any instruction on this point.

We have, then, two propositions presented.

First: Can the defendant complain in this court of the above instruction, which he concedes is correct as far as it goes, he having failed to ask a further instruction in the court below?

Second: If this question shall be answered in the

affirmative, is there reversible error in the instruction as given?

As to the first proposition: The statute imposes upon the trial court the duty, ''whether requested or not,'' to ''instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict.'' [R. S. 1909, sec. 5231.]

Numerous decisions of this court hold that, in the absence of a request from the defendant, it is not reversible error to fail to instruct on collateral questions. Whether the question of flight is collateral we are not called upon to decide in this case. The defendant rests his contention upon the proposition that when the court, either of its own motion, or on request from the State, instructs upon a question of law, such instruction must fully cover the proposition; and that inasmuch as the court in this case undertook to instruct upon the question of flight, the defendant, without request upon his part, is entitled to as full and complete an instruction as he could properly have claimed had he requested it.

We think this proposition is sound. If an instruction offered by the defendant is refused because defective in form or phraseology, it then becomes the duty of the court to give a proper instruction covering the point. [State v. Kilgore, 70 Mo. 546; State v. Reed, 154 Mo. 129.]    If the defendant requests it, clearly the court must instruct in a proper case, and must fully cover the point.

On principle, whenever the court in a criminal case undertakes to instruct on a question of law for the guidance of the jury ''in giving their verdict,'' the instruction should guide them fairly, should present both sides of a proposition if it has two sides, and this is so whether the attention of the court is drawn to the mat-

ter by a request from either the State or the defendant, or whether the court proceeds upon the matter of its own motion. [State v. Branstetter, 65 Mo. 149.] We have not overlooked the dictum in State v. Sublett, 191 Mo. 163. In that case, as here, it was contended that the instruction failed to give the defendant the benefit of his explanations. The court said: "In answer to this contention it may be said there was no evidence adduced by defendant upon which to base his contention."

This was a complete answer, and nothing further was necessary; but the court proceeded to say: "Nor even if there had been, would the instruction be erroneous though it did not embody it, because the defendant had the right to ask an instruction upon the question of his own motion, and that he did not do so was his own fault." With this last statement, which was beyond the decision of the case, we do not agree.

Proceeding now to the question whether the instruction as given was erroneous because it failed to guide the attention of the jury to the defendant's side of the proposition, we are of the opinion that the instruction is erroneous because of such failure.

Upon the evidence in this case it became a matter of prime importance to guide the jury correctly on this question of flight. The evidence upon the question whether defendant fired the fatal shot was in serious conflict. There was a crowd of excited people. The State's witnesses said the defendant had long moustaches. The defendant said he had worn no moustache for a year. It was so dark that witnesses could not give the color of his clothing. Defendant was a reputable negro, a builder and contractor who had lived many years in Kansas City, and who had, as stated in the brief for the State, "accumulated some little property worthy of note, especially for a black man." He owned buildings and had tenants. He was a stranger to de-

ceased.   No possible motive is shown unless, as suggested by the brief of the Attorney-General, he desired to avenge a brutal attack on one of his race.

In view of the conflict in the evidence on the question of identity, the subsequent actions of the defendant were entitled to, and doubtless received from the jury, serious consideration.   The testimony adduced by defendant supports his claim that his flight was consistent with innocence.   [State v. Sublett, supra.] Upon principle fully supported by the rulings of this court the defendant was entitled to an instruction presenting his theory of the flight.

In the case of State v. King, 78 Mo. 555, this court, speaking of an instruction which ignored explanatory circumstances, said: "Where the testimony discloses circumstances explaining or excusing flight, which consist with the innocence of the defendant of the crime charged, the jury should be directed to consider the same in connection with the presumption arising from flight, and determine how far they tend to rebut such presumption.   [State v. Mallon, 75 Mo. 355; Wharton, Crim. Ev., sec. 750.]   There were facts in this case explaining the defendant's flight to which the attention of the jury might have very properly been called, leaving the weight to be attached to the same, of course, to the jury."   The instruction in that case was condemned, as we construe the decision, because it failed to take into consideration the explanatory evidence.

In the case of State v. Walker, 98 Mo. 95, l. c. 108, the court instructed the jury that "flight raises a presumption of guilt, and if after Green was killed defendant fled  .  .  .  'for the purpose of avoiding arrest, trial or conviction for the killing of Green, then you will consider his flight in connection with the other evidence in arriving at your verdict.' "   This instruction is substantially like the one under consideration. It was sustained because there was no explanatory evi-

dence, but Judge Black, speaking for the court, says: "Where there is evidence explaining the flight and tending to show that it was not from a consciousness of guilt, further instructions should be given. [State v. King, 78 Mo. 555.] If the jury should find that the defendant did not leave the country for the purpose of avoiding arrest or trial, then the leaving raises no presumption of guilt, and the jury should be so directed. But we conclude there was no error in failing to give such further instruction in this case, because there is no evidence tending to explain the flight."

In State v. Fairlamb, 121 Mo. 137, l. c. 147, the court instructed the jury that if they believed from the evidence that the defendant fled to avoid arrest, it raised a presumption of his guilt. There was evidence which tended to explain the flight favorable to the defendant, and the court comments upon the instruction as follows: "Under the facts as disclosed, the instruction should have directed the jury, in passing upon defendant's purpose in leaving the place of the homicide, whether or not to avoid arrest, to take into consideration the fact that he made no effort at concealment and the sending for the officers to come and arrest him. It is not every going away from the place of the homicide that raises the presumption of the guilt of the accused, and when the facts tend to show that the purpose of going away was not to avoid arrest, the instruction should be so framed as to include all the circumstances, that the defendant may have the benefit of such explanatory facts. [State v. Mallon, 75 Mo. 355; State v. King, 78 Mo. 555; State v. Ma Foo, 110 Mo. 7.]"

It follows from the foregoing that for error in not making the instruction on flight broad enough to include defendant's explanation, the case must be reversed and remanded, and it is so ordered.

*Kennish, P. J.,* and *Brown, J.,* concur.