## UNITED STATES v. DEAN.

No. 9869.

District Court, D. Massachusetts.

May 27, 1931.

Frederick H. Tarr, U. S. Atty. and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Benjamin F. Evarts, of Holyoke, Mass., for defendant.

MORTON, District Judge.

This is a motion to suppress evidence obtained on a search without a warrant of the defendant's premises.

The facts are as follows: The defendant, Dean, is a farmer, and lives on his farm in Adams, Mass. The buildings are about six hundred feet from the highway, and are reached by a private way. They consist of a dwelling house and a garage about fifty feet apart. Suspecting that illegal distillation was going on there, federal and state officers drove to the place on the night in question and went into the yard. Either in the private road or in the yard, the officers smelled odors of distillation or of mash. Dean was at home; he refused to give the officers permission to enter the garage, which was dark and was locked, saying he had leased it to one Denby. The officers thereupon broke the lock and entered. It contained distilling apparatus and two automobiles which belonged to Dean. The officers searched the building and ordered Dean to appear before the United States commissioner on the following morning. No arrest was made at that time. On the evidence so obtained, Dean has been indicted for manufacturing intoxicating liquor and possessing property designed for that purpose.

The search was clearly illegal. Officers have no right to enter private buildings without legal justification. Where officers have knowledge that a person in the building is in the act of committing a felony, or possibly a misdemeanor, they may enter without a warrant in order to arrest him and to suppress the crime, and they may enter to arrest a person against whom a warrant is out or who is reasonably suspected of having committed a felony. I am aware of no other cases in which officers are justified in forcing an entrance without a warrant into private property. These principles have been so often stated that a citation of authorities is perhaps unnecessary, but the following may be referred to: Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Raniele v. U. S., 34 F.(2d) 877 (C. C. A. 8); Temperani v. U. S., 299 F. 365 (C. C. A. 9); U. S. v. Di Corvo (D. C.) 37 F.(2d) 124 (discussing cases); Russell v. State, 37 Okl. Cr. 71, 256 P. 758.

The only special circumstance in the present case which calls for notice is that Dean at first claimed to the officers that he had leased the garage and did not have present possession or control of it. The government contends that he is not, therefore, in a position to question the legality of the search. The indictment, however, involves an assertion that the property was in the possession or control of Dean. The government cannot maintain that he was the owner of the property for the purpose of convicting him and was not the owner for the purpose of searching it. Even if Dean put his objection to the search on a false ground, as the government claims, the search was nevertheless against his will and consent. There is nothing to indicate that he so phrased his refusal of permission to search as to waive other legal grounds of objection than that which he stated.

Motion allowed.