**STATE of Missouri, Respondent,**

v.

**Raymond Carley PRUETT, Appellant.**

**No. 52918.**

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1968.

Motion for Rehearing or to Transfer to Court en Banc Denied March 11, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, F. Daley Abels, Sp. Asst. Atty. Gen., St. Louis, for respondent.

William J. Shaw, Clayton, Alan G. Kimbrell, St. Louis, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of robbery in the first degree. Section 560.120, V.A.M.S. Pursuant to the verdict and upon a finding of prior conviction, the court assessed appellant's punishment at 20 years in the custody of the Department of Corrections and sentenced him accordingly. Sections 556.280 and 560.135, V.A.M.S.

Appellant does not question the sufficiency of the case against him and a brief statement will demonstrate that the state made a case from which a jury could find beyond a reasonable doubt that appellant was guilty of robbery in the first degree of K-V Pharmacal Company by putting Walter A. Schulze "in fear of an immediate injury to his person."

Walter Schulze was an assistant supervisor and chemist for K-V Pharmacal Company in Brentwood, St. Louis County, Missouri. He was alone in the company's locked building at 5:30 p.m., July 14, 1966, when he heard a knock or rattle at the front door. He went to the door and saw two men. When he opened the door one of the men pulled a gun and both men entered the building, ordering Mr. Schulze to lock the door and take them to the laboratory. When in the laboratory the men took amphetamine from various locations and dumped it into a wastepaper basket and a bag. After that, the men took Mr. Schulze to the plant section where five or six drums of amphetamine were pushed to the back door near which Mr. Schulze noted a white Buick Riviera. Mr. Schulze was subsequently told to lie on his stomach on the floor and his wrists were tied. While so tied, Officer George Grace of the Brentwood Police Department entered the back door. He took one of the men, later identified as Douglas Jackson Tyra, into custody. The other fled upstairs and Mr. Schulze never again saw him in the building. Mr. Schulze later noted an open window upstairs.

Carolyn Schulze, Walter's wife, also an employee of K-V, left work at about 4:30

p.m., July 14, 1966, to get their little girl and do some shopping. She returned to the plant to get her husband around 6:00 p.m. When she rattled the front door he came out and told her he would be out soon as instructed by the two men who held him captive. Mrs. Schulze returned to her car and in fifteen or twenty minutes Officer Grace came by and advised her she must have set off the burglary alarm again. He went to the front door and then to the rear of the building. Mrs. Schulze then went again to the front door at which time a man with a pistol in his hand jumped from a window, landing within five feet of her. The man threatened to shoot her if she came near as he backed away from her around the building.

Officer Grace went to K-V about 6:00 p.m. in response to an alarm. When he left Mrs. Schulze and went to the rear of the building he saw a man loading the drums of amphetamine into the back seat of the Buick Riviera. He ordered the man into the building and, upon entering the building, saw Mr. Schulze lying on the floor with a man standing over him. That man, upon seeing Officer Grace, fled to the front of the building.

Officer Harry Dunman of the Brentwood Police Department went to K-V about 6:35 p.m. and searched a field to the rear of the building. He saw a man running in a creek bed thirty to thirty-five yards in front of him.

Appellant was identified by Mr. Schulze as the man who held the gun on him upon entering the building. He also was identified by Mrs. Schulze as the man she saw leap from the window of the plant, by Officer Grace as the man he saw standing over Mr. Schulze in the lower level of the plant, and by Officer Dunman as the man he saw running away from the rear of the plant in the creek bed.

Sergeant Fred Owens of the St. Louis Police Department went to an address on Park Avenue July 17, 1966, when appellant was arrested. He stayed with a late model red Dodge automobile parked in a vacant lot east of the premises at which appellant was arrested. He stayed with the car as it was towed to police headquarters where its trunk was opened and two guns were removed. One of the guns, Exhibit 4, was identified by Mr. Schulze as being the same in type and appearance as the one held on him him by appellant. Exhibit 4 also was said by Mrs. Schulze to "look like" the one in appellant's hand when he leaped from the building.

Appellant adduced evidence tending to confuse his identification as one of the robbers and to show him in a different place at the time the robbery was committed. Appellant also called Douglas Jackson Tyra who admitted he pleaded guilty to the robbery of the K-V Pharmacal Company and stated that his companion had been one Ray Sommers.

Appellant charges error in submitting Instruction No. 1 to the jury "for the reason that said instruction was the verdict directing instruction, purporting to cover the whole case, and entirely ignored the defense of alibi, said defense being fully supported by evidence in the case."

There is no question that a verdict-directing instruction which purports to cover the whole case and ignores a defense supported by the evidence is erroneous and constitutes reversible error, State v. Winn, Mo., 324 S.W.2d 637, 640–641[1]; State v. Dougherty, 358 Mo. 734, 216 S.W.2d 467, 474[13]; State v. Drane, Mo., 416 S.W.2d 105, 107[1, 2]; but that rule does not help this appellant because Instruction No. 1 did not ignore his defense of alibi.

The defense of alibi is that even if the offense was committed as charged, the accused, at the time of commission, was at another and different place than that where the offense was committed and therefore could not have been the person who committed the offense. Such defense was accorded this appellant by Instruction No. 3

to which no objection was made. Instruction 1 referred to such defense by requiring the jury to find the defendant present at the K-V robbery in that it required a finding that he committed the robbery of K-V by then and there putting K-V's employee, Walter Schulze, in fear of immediate injury to his person. The jury would, of necessity, have to find him present in order to find that he committed such specified acts. This contention was answered in State v. Merrell, Mo., 263 S.W. 118, where the offense was murder and the defense alibi. The same error was assigned, i.e., that the verdict-directing instruction omitted reference to the alibi and compelled a finding of guilt if they did not believe the evidence of alibi. "In so far as failure to refer to the defense of alibi is concerned, no just criticism of the instruction can be made. The court gave a proper separate instruction on that subject. The criticized instruction required the jury to find that the defendants made an assault upon the deceased and shot and killed him. This necessarily required the jury to find that defendants were present at the killing, and negatived the idea that they were elsewhere." 263 S.W. l.c. 123[12].

Appellant's citations are to be distinguished in that they involved defenses in which presence of the accused to commit the offense was not necessarily a part of the offense as in this case, e.g., theft or unlawful use of an automobile where accused had an honest belief he held title to the automobile (State v. Drane, supra); murder where the defense was self-defense as opposed to alibi (State v. Winn, supra); leaving the scene of an accident where the defense was that defendant had complied with the law requiring the giving of his name and address, etc., under applicable law (State v. Dougherty, supra).

Appellant complains in his Points II and III of the giving of Instruction 3 on his defense of alibi and Instruction 4 directing the jury to disregard "the fact that he has been previously convicted of an offense similar to the one with which he is here charged."

These points have not been preserved for review because the record shows that appellant objected to "each and every instruction * * * except Instructions 3 and 4," and Instructions 3 and 4 are excepted from the general complaint about instructions in the motion for new trial. The appellant is thus in a position similar to that of the appellant in State v. Ellis, Mo., 159 S.W.2d 675, 676[4], where " * * * the motion for new trial levels no complaint against—indeed, does not mention—the instruction now assailed, much less set forth the grounds now asserted," and the court refused to consider the assignment urged for review in appellant's brief.

■ In so far as these assignments may be urged for review as plain error, suffice to say that Instruction 3 on alibi has been approved in many cases, e.g., State v. Giden, Mo., 369 S.W.2d 212, 215[7]; State v. Beishir, Mo., 332 S.W.2d 898, 903[5]; State v. Hillebrand, 285 Mo. 290, 225 S.W. 1006, 1007[2]; State v. Wilson, Mo., 248 S.W.2d 857, 860[10]; State v. Griffin, Mo., 336 S.W.2d 364, 368[9]; and since the only mention of appellant's prior conviction for a similar offense was in his counsel's opening statement, "The defendant's evidence * * * will show that at this time (appellant's arrest) Ray Pruett was on parole from the Missouri State Penitentiary from a sentence for armed robbery," appellant, in failing to object to Instruction 4, must have felt that the caution therein was favorable to him.

Appellant charges error in overruling his pretrial motion to suppress evidence in permitting the two pistols and testimony concerning them in evidence on the ground the pistols were the product of an illegal search and seizure.

The evidence on appellant's motion to suppress was taken and heard prior to trial.

Corporal Fred Owens of the Metropolitan St. Louis Police Department went

to 1632 Park Avenue, St. Louis, around 7:15 p.m., July 17, 1966. He remained on the first floor of the premises while other officers went upstairs and later came down with appellant in their custody. At that time a red 1965 Dodge titled to Walter P. Pruett was in the lot behind the premises. Appellant was taken away but Corporal Owens stayed with the automobile and accompanied it when it was towed to police headquarters. In appellant's presence Corporal Owens caused the trunk of the Dodge to be opened and searched, at which time the two guns in evidence, Exhibits 4 and 17, among other items, were taken from the car. At the time of appellant's arrest, Corporal Owens "heard Mr. Pruett holler several times that that car wasn't his, 1965 Dodge."

Patrol Sergeant William R. McCormick of the Brentwood Police Department participated in the arrest of appellant. The arresting officers found appellant in a closet at 1632 Park Avenue, St. Louis, and placed him under arrest for parole violation and the K-V "armed robbery." Sergeant McCormick had prior information from Tyra concerning the red 1965 Dodge as well as the white Buick Riviera. At the time of arrest he searched the inside of the Dodge "but then we had trouble with the trunk, * * * it was broken and we asked Pruett about this and he denied ownership of the car at that time." He said, "To the best of my knowledge that he did not park the car there. The car was not his and he knew nothing of the car."

■ As stated by appellant, "The question of 'standing' (to object to a search) is purely a factual question—i.e., the movant must have actually possessed a sufficient interest in the property searched to object," and, upon the evidence adduced at the hearing, the motion to suppress was correctly ruled on the authority of State v. Watson, Mo., 386 S.W.2d 24, 28–29[2]: "Defendant disclaimed ownership of the automobile or any interest in it. He even denied any knowledge of the automobile or its presence at the curb and denied driving it there by stating that he had walked to the Foster apartment. Having disclaimed any interest in the automobile searched, he cannot now, for this additional reason, be heard to question the legality of the search or the resultant seizure. Nor can his disclaimer once made be recalled at his pleasure. State v. Cantrell, supra (310 S.W.2d 866); 79 C.J.S. Searches and Seizures § 60, page 816; State v. Pigg, 312 Mo. 212, 278 S.W. 1030, 1033 [4]."

Appellant would brush this authority aside as dicta by argument that State v. Watson, supra, was ruled on a valid search as an incident to lawful arrest. Such a finding was made at 386 S.W.2d 1.c. 28[1], but appellant still cannot escape the ruling as made "for this additional reason" in the quotation at 386 S.W.2d 1.c. 28–29[2].

■ State v. Edmondson, Mo., 379 S.W.2d 486, and Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, cited by appellant, are not in point, because they ruled simply that searches of automobiles made at the police station, remote in time and place from the defendants' arrests, were not valid searches made as an incident to lawful arrests. Both cases proceeded on the theory of a possessory interest in defendants in the automobiles searched, a circumstance absent in this case under appellant's denial of interest, ownership and knowledge in and of the searched vehicle. There is no assertion by the state here as by the government in United States v. Dean, D.C.Mass., 50 F.2d 905, that the property searched was in possession of the defendant thereby negativing any entitlement to the benefit of defendant's disclaimer; nor is this a case turning on illicit possession as in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. Appellant also refers to the holding that waiver of the constitutional right against self-incrimination must be a knowing intelligent waiver of a recognized right, Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 1.c. 707[3], but it is not demon-

strated that such holding has been or should be expanded to cover appellant's situation here.

Review required by Criminal Rules 28.02 and 28.08, V.A.M.R., shows that the information is in proper form and sufficient; defendant was accorded a jury trial upon his plea of not guilty; the verdict is proper and responsive; the punishment is within legal limits; the motion for new trial was considered; and allocation was granted.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.