

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,       )
                                  )
v.                                )      No. SD37492
                                  )
DAVID C. COPLEY,                  )      **Filed:  January 24, 2023**
                                  )
    Defendant-Appellant.        )

APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable David C. Replogle

**<u>AFFIRMED</u>**

David C. Copley ("Defendant") appeals his conviction, after a bench trial, for seven counts of possession of child pornography, *see* section 573.037, and one count of failure to register as a sex offender pursuant to sections 589.400-.425.[1]  In one point on appeal, Defendant claims the circuit court erred in denying his motion to suppress and admitting evidence of the contents of his cellphone at trial.  Because Defendant lacked standing to challenge the legality of the search of the phone at issue, we deny Defendant's point and affirm his convictions.

---

[1] All statutory citations are to RSMo Supp. 2017.

1

**Standard of Review & Governing Law**

We review a circuit court's ruling on a motion to suppress in the light most favorable to the ruling, and we defer to the circuit court's credibility determinations. *State v. Breese*, 250 S.W.3d 413, 418 (Mo. App. S.D. 2008). We determine whether the ruling was supported by sufficient evidence, and we will reverse only if that ruling was clearly erroneous. *Id.* In conducting our review, we consider the evidence adduced at the hearing on the motion to suppress and the evidence adduced at trial. *Id.*

> Although the State has the ultimate burden of showing that a motion to suppress should be overruled, the movant has the initial burden of proving that he is a person who is "aggrieved" by an unlawful search and seizure pursuant to [s]ection 542.296. *State v. Ramires,* 152 S.W.3d 385, 395 (Mo.App.2004). "The language of section 542.296.1, conferring standing to file a motion to suppress upon an 'aggrieved' person, is nothing more than a codification of the standing requirements under the Fourth Amendment as set forth by the United States Supreme Court." *State v. Brown,* 382 S.W.3d 147, 157 (Mo.App.2012). Thus, the movant must establish that he has standing to challenge the search by showing that "he has a legitimate expectation of privacy in the place or thing searched." *Id.* at 158 (citation omitted). A two-part test exists for determining whether the movant has a legitimate expectation of privacy. First, the movant must have had an "actual, subjective expectation of privacy in the place or thing searched." *State v. McCrary,* 621 S.W.2d 266, 273 (Mo. banc 1981). Second, that expectation of privacy must be objectively "reasonable" or "legitimate." *Id.*

*State v. Williams*, 485 S.W.3d 797, 800-01 (Mo. App. W.D. 2016)

**The Relevant Evidence**

Corporal David Johnson of the Missouri State Highway Patrol ("Corporal Johnson") was on patrol on August 5, 2018 when he stopped Defendant for following another vehicle too closely. Corporal Johnson approached Defendant's passenger-side window and requested Defendant's driver's license and proof of insurance.

2

As he was talking with Defendant, Corporal Johnson noticed a cellphone lying in the passenger seat that was plugged into the car charger. Corporal Johnson asked Defendant to exit the vehicle and sit in his patrol vehicle, and Defendant complied.

Corporal Johnson "ran a computer check[]" on Defendant and determined that Defendant was a registered sex offender. When Corporal Johnson asked Defendant for his phone number, Defendant said that he did not have a phone. Corporal Johnson questioned Defendant about the cellphone that was lying in the passenger seat, and Defendant said that the phone did not belong to him.

As Corporal Johnson went through the phone numbers listed on Defendant's sex offender registration, Defendant again stated that he did not currently have a phone, and he said that the telephone numbers listed on his sex offender registration were incorrect. Defendant said that he found the phone at issue underneath the seat of his car, that he believed it belonged to a person named Jeremy, and that he was only using the phone to listen to music as he drove. Defendant continued to deny that the phone was his.

Corporal Johnson then asked Defendant if there was anything illegal in his vehicle. Defendant said no, and he offered to let Corporal Johnson search the vehicle. Corporal Johnson testified that the following exchange then took place:

> He said it wasn't his phone. I said, "Okay, and you said you didn't care if I searched those items," referring to the vehicle and the phone, since those are the items we had talked about, and he shook his head "no". And then I asked him if there was anything that he needed to tell me before I searched, giving him the -- attempting to give him the opportunity to say or withdraw his consent, and he just informed me how to open the trunk.

Corporal Johnson started his search of the vehicle by opening the cellphone and looking through the photograph gallery of "Jeremy's" phone. Two of the images that he saw there were what Corporal Johnson believed to qualify as child pornography.

3

Corporal Johnson arrested Defendant at that point, and as best as Corporal Johnson could remember, Defendant continued to claim that the phone wasn't his. At no time during their encounter did Defendant state that the phone belonged to him. Corporal Johnson turned off the phone and obtained a warrant to search it. The execution of that warrant revealed additional pictures and videos of what law enforcement officers believed to constitute child pornography.

Defendant filed a motion to suppress the evidence obtained from the cellphone, arguing that Corporal Johnson's search of it was illegal. The circuit court denied the motion, finding that Defendant did not have standing to complain about the search due to his repeated denials of his ownership of the phone.

### Analysis

Defendant's sole point on appeal claims:

> The [circuit] court erred in overruling defense counsel's motion to suppress the evidence found on [Defendant]'s cell phone and in admitting that evidence at trial over defense counsel's objections, because these rulings violated [Defendant]'s rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 15 of the Missouri Constitution, in that there was no probable cause or consent to search the cell phone, to which [Defendant] had standing to object.

We disagree.

"[A] person who disclaims ownership of an item at the time of the search cannot later claim an expectation of privacy in it." **Breese**, 250 S.W.3d at 419. *See also* **State v. Dodson**, 556 S.W.2d 938, 949 (Mo. App. St.L.D. 1977) (stating that a defendant cannot make a showing of standing to challenge the legality of the search of a premises in which he alleged no proprietary or possessory interest); **State v. Williams**, 566 S.W.2d 841, 844 n.1 (Mo. App. St.L.D. 1978) (citing **Dodson**, 556 S.W.2d at 949, for the proposition that

4

"defendant disavowed any association with the locker and apparently lost standing to object to a lack of search warrant regarding the search of the locker"); ***State v. Pruett***, 425 S.W.2d 116, 120 (Mo. 1968) (the defendant had no standing to challenge the legality of the search of an automobile that he claimed neither to own nor have any interest in).

In the eyes of the law, by affirmatively disclaiming any ownership or interest in the phone at the time it was discovered, Defendant abandoned any legitimate expectation of privacy in the contents of that phone as if he had thrown it out the window before Corporal Johnson had initiated his traffic stop. Defendant's point is denied, and the judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS